**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David Paul GALLEGOS,**
**Defendant–Appellant.**

No. 90–2006.

United States Court of Appeals,
Tenth Circuit.

Jan. 7, 1991.

---

William L. Lutz, U.S. Atty., and James D. Tierney, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

Chris Key and Macon McCrossen, Albuquerque, N.M., for defendant-appellant.

Before McKAY, TACHA, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

David Paul Gallegos and two co-defendants, Ken Smith and Albert Mirabal, were charged in the first count of a two-count indictment in the United States District Court for the District of New Mexico with conspiring from April 29, 1989, to May 18, 1989, to possess with an intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and 18 U.S.C. § 2. In the second count, the three defendants were charged with the possession on May 18, 1989, of more than 100 kilograms of marijuana with an intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.

As a result of a plea bargain, all three defendants pleaded guilty to a one-count information charging them with possession on May 15, 1989, of more than 50 kilograms of marijuana with an intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. By this appeal, Gallegos challenges the sentence imposed on him by the district court. By separate appeal, No. 90–2029, Ken Smith has also challenged his sentence. The third defendant, Albert Mirabal, has not appealed his sentence.

The pre-sentence report fixed Gallegos' base offense level at 24 (after a downward adjustment of 2 points for his acceptance of personal responsibility) and his criminal history category at II, and then stated that his "guideline imprisonment range is 63 to 78 months." This latter statement concerning the guideline sentencing range is in error since a correct reading of the Sentencing Table sets Gallegos' guideline sentencing range at 57 to 71 months. This error in the pre-sentence report was apparently not caught by counsel or the court. In any event, in sentencing Gallegos the district judge clearly indicated that he understood Gallegos' guideline sentencing range to be 63 to 78 months, and imposed a sentence of 70 months, which he said was "in the middle of the guideline range."

On appeal, government counsel and defense counsel agree that in imposing the 70–month sentence on Gallegos the district court used the wrong guideline sentencing range, i.e., 63 to 78 months, and that Gallegos must be resentenced under the correct guideline range, i.e., 57 to 71 months. We agree.

Gallegos' second argument concerns the district court's determination of the applicable base offense level. In computing Gallegos' base offense level, the district judge factored in 189 pounds of marijuana found in a shed located on Gallegos' premises. Counsel asserts that, under the guidelines, such inclusion was improper and that if the 189 pounds had not been factored into the base offense level there would have been a substantial reduction in Gallegos' guideline sentencing range.[**] Some background is in order.

On May 18, 1989, co-defendants Mirabal and Smith were arrested as they were in the process of selling 125 pounds of marijuana to undercover agents. Mirabal had been negotiating the sale for several weeks prior to May 18, 1989. Smith was Mirabal's source of supply. Shortly before the arrest, agents followed Smith to Gallegos' residence and observed Gallegos assist Smith in loading the 125 pounds of marijuana into Smith's vehicle from a shed located

[**] The base offense level for an offense involving 125 pounds of marijuana is 20, whereas the base offense level for an offense involving 314 pounds of marijuana (125 + 189) is 26. United States Sentencing Comm'n, Guidelines Manual § 2D1.1. If Gallegos had his base offense level set at 20 and if he then had received a downward reduction of 2 points because of his acceptance of responsibility, his final base offense level would have been 18 instead of 24. A person with a base offense level of 18 and a criminal history category of II has a guideline sentencing range of 30 to 37 months.

within Gallegos' curtilage. After the arrest of Mirabal and Smith, the agents proceeded to Gallegos' residence where Gallegos was arrested. Armed with a search warrant, the agents searched Gallegos' shed and seized an additional 189 pounds of marijuana. During the course of the ensuing search of the premises, agents also seized approximately $15,378.00 in cash, scales, other drug paraphernalia, and three firearms.

In our view, the district court did not err in factoring into Gallegos' base offense level the 189 pounds of marijuana seized from his shed. United States Sentencing Comm'n, Guidelines Manual (hereinafter referred to as Guidelines) § 1B1.3 provides that in determining a base offense level all acts and omissions aided and abetted by the defendant, as well as all acts which were part of the same course of conduct, should be considered. In the Commentary to that guideline is the statement that in a drug distribution case, quantities and types of drugs not specified in the charge with which defendant stands convicted are to be included in determining the base offense level "if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." Guidelines § 1B1.3, comment. at 1.19. *Accord* § 2D1.1, comment. (n. 12) ("Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level"). *See also United States v. Preciado*, No. 89–2147, slip op. (10th Cir. Aug. 6, 1990); *United States v. Valle–Sanchez*, 912 F.2d 424, 426 (10th Cir.1990); *United States v. Harris*, 903 F.2d 770, 778 (10th Cir.1990); and *United States v. Ware*, 897 F.2d 1538, 1542–43 (10th Cir.1990), *cert. denied,* — U.S. ——, 110 S.Ct. 2629, 110 L.Ed.2d 649 (1990).

The district court was of the view that Gallegos' possession of the 189 pounds of marijuana found in the shed was related to the crime to which he had pleaded guilty, namely, possession on May 15, 1989, of more than 50 kilograms of marijuana with an intent to distribute. We are not inclined to disturb this ruling. As of May 18, 1989, Gallegos had 314 pounds of marijuana stored in his shed. He and Smith loaded 125 pounds of that marijuana into Smith's car and Smith and Mirabal then tried to sell the 125 pounds to undercover agents. Shortly after the aborted "sale," Gallegos was himself arrested and the remaining marijuana in Gallegos' shed, i.e., 189 pounds of marijuana, was seized. The possession of the 189 pounds of marijuana was part of the same course of conduct as the charge to which Gallegos pleaded guilty, i.e., possession on May 15, 1989, of more than 50 kilograms of marijuana with an intent to distribute. *See United States v. Sailes*, 872 F.2d 735, 737–39 (6th Cir.1989). *See also United States v. Trujillo*, 906 F.2d 1456, 1467–68 (10th Cir.1990) (citing *Sailes*, 872 F.2d at 737–39); *United States v. Boyd*, 901 F.2d 842, 844 (10th Cir.1990); *United States v. Rutter*, 897 F.2d 1558, 1561–63 (10th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 88, 112 L.Ed.2d 60 (1990). The cash and drug trafficking items seized from Gallegos' property further support this finding. We find no error in this regard.

■ As indicated, the 189 pounds of marijuana found in Gallegos' shed was factored into Gallegos' base offense level and was also factored into Smith's base offense level. However, the 189 pounds of marijuana found in Gallegos' shed was not factored into Mirabal's base offense level. Such, Gallegos argues, violates the fundamental purpose of the guidelines, which is fairness and evenness in sentencing. We do not agree. Smith and Gallegos agreed to the storage of marijuana in Gallegos' shed. Mirabal, so far as the record before us is concerned, didn't even know Gallegos, let alone know that Gallegos had a shed within his curtilage in which Smith's marijuana was stored. Mirabal's dealings were solely with Smith. Mirabal was not present when Gallegos and Smith loaded the 125 pounds of marijuana into Smith's vehicle. The district court, in our view, correctly held that under Sentencing Guideline § 1B1.3, the 189 pounds of marijuana should not be factored into the determination of Mirabal's base offense level.

Sentence vacated and case remanded for resentencing.