**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles W. McGEE, Defendant– Appellant.**

**No. 92–6348.**

United States Court of Appeals, Tenth Circuit.

Oct. 26, 1993.

Albert J. Hoch, Jr., Oklahoma City, OK, for defendant-appellant.

Before BRORBY, BARRETT, and KELLY, Circuit Judges.

BRORBY, Circuit Judge.

Mr. McGee entered a plea of guilty to the crime of possession of eight ounces of cocaine base (crack) with the intent to distribute and was sentenced to 360 months. He appeals his sentence asserting the Sentencing Guidelines preclude a sentencing court from examining a defendant's relevant conduct. We disagree and affirm.

## I

### Background

The facts supporting the offense of conviction are undisputed. Mr. McGee was the primary cocaine seller for Juan Carlos Gonzales. Mr. McGee would pick up three to four ounces of crack from Mr. Gonzales, sell it, and then pay Mr. Gonzales $700 for each ounce of cocaine sold. Mr. McGee admitted to doing this on three separate occasions in October 1991. He admitted to distributing a total of eight ounces of crack during these transactions.

The facts supporting the relevant conduct are also undisputed. Mr. McGee had been selling crack for Mr. Gonzales for about eighteen months; during September–October 1991, Mr. Gonzales purchased seven and one-half kilograms of cocaine powder in two separate transactions from the Angulo–Lopez cocaine distribution ring [1]; Mr. McGee was present and helped convert the cocaine powder into crack; Mr. McGee then distributed a "good part" of the seven and one-half kilograms purchased and cooked into crack, and had made at least twenty to twenty-five purchase transactions with Mr. Gonzales. The eight ounces of crack purchased from Mr. Gonzales and which formed the basis of Mr. McGee's guilty plea were part of the seven

Submitted on the briefs.*

Joe Heaton, U.S. Atty., Kim Taylor, Asst. U.S. Atty., Oklahoma City, OK, for plaintiff-appellee.

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

1. *See United States v. Angulo–Lopez*, 7 F.3d 1506 (10th Cir.1993).

and one-half kilograms obtained by Mr. Gonzales from the Angulo–Lopez organization.

Mr. McGee was originally charged with a conspiracy to distribute cocaine base and with manufacturing cocaine base. A written plea agreement was then entered into by and between the Government and Mr. McGee. The essence of this agreement was that Mr. McGee would plead guilty to a new charge of possession of eight ounces of crack with the intent to distribute and the original charges would be dismissed. This agreement contained no factual stipulations.

Mr. McGee then entered his guilty plea as agreed and a presentence report was prepared. The presentence report, utilizing the facts supporting the relevant conduct, i.e., seven and one-half kilograms of crack, calculated Mr. McGee's base offense level to be 40.[2] Mr. McGee objected to the presentence report and a sentencing hearing was held. The sentencing court applied the relevant conduct in calculating the base offense level and sentenced Mr. McGee to the minimum sentence contained in the Guideline range— 360 months.

## II

█ Mr. McGee appeals asserting a single issue. He asserts that it was error for the sentencing court to consider and apply the relevant conduct in accordance with U.S.S.G. § 1B1.3 as U.S.S.G. § 1B1.2 permits the sentencing court to look only to the offense of conviction.

We review the sentencing court's findings on the quantity of drugs relevant to computing the base offense level, which is a factual finding, under a clearly erroneous standard. *United States v. Rutter*, 897 F.2d 1558, 1560 (10th Cir.), *cert. denied*, 498 U.S. 829 (1990). When that application of the Sentencing Guidelines "involves contested issues of law, we review *de novo.*" *Id.*

U.S.S.G. § 1B1.2 contains the basic rules for determining which Guidelines are applicable under chapter two to determine the of-

fense conduct. U.S.S.G. § 1B1.2, comment. (n. 1). Section 1B1.2 directs the sentencing court to apply the offense guideline in chapter two which is "most applicable to the offense of conviction." This section also contains an exception to the rule, in the case of a plea agreement "containing a stipulation that specifically establishes a more serious offense than the offense of conviction." In that circumstance, the more serious offense so stipulated is used to determine the offense conduct under chapter two. It is this exception which forms the foundation for Mr. McGee's argument.

Mr. McGee points out the exception requires a plea agreement containing a stipulation establishing a more serious offense. Although he did consent to a plea agreement, it did not stipulate to a more serious offense. Therefore he argues, the sentencing judge could not use the relevant conduct as a reason for enhancing his sentence, because it was not part of a factual stipulation.

We commence our analysis by examining the pertinent language of U.S.S.G. § 1B1.2, which states:

(a) Determine the offense guideline section in Chapter Two ... most applicable to the offense of conviction.... Provided ... in the case of a plea agreement ... containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two most applicable to the stipulated offense.

This section directs a sentencing court to utilize the offense guideline section most applicable to the offense of conviction. In the case before us, Mr. McGee entered a plea of guilty to possession of drugs with intent to distribute. Consequently, the sentencing court referenced chapter two and applied § 2D1.1 which specifically deals with drug trafficking including possession with intent to distribute.

The exception contained in § 1B1.2 is clearly not applicable to the facts before us. The fact of a plea agreement, by itself, does

---

**2.** Given the various adjustments and Mr. McGee's criminal history category of III, the offense level of 40 produced a Guideline range of 360 months to life. Were Mr. McGee to be

successful in this appeal, his offense level would be 34, which would ultimately produce a sentencing range of 188 to 235 months.

not mean that the "limited" exception of § 1B1.2 applies. It comes into play only if a case involves a stipulation the sentencing judge or the Government argues "specifically establishes" a more serious offense. The plea agreement in this case contained no stipulation specifically establishing a more serious crime than the crime of conviction.

The relevant conduct guideline is found at U.S.S.G. § 1B1.3 and sets forth various relevant conduct factors that determine the Guideline range. Section 1B1.3(a)(2) defines relevant conduct as all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." The relevant conduct guideline directs that relevant conduct is pertinent to determining the base offense level and the specific offense characteristics. U.S.S.G. § 1B1.3(a)(ii).

We see no conflict between the relevant conduct guideline contained in U.S.S.G. § 1B1.3(a)(2), and the guideline found in U.S.S.G. § 1B1.2(a) explaining what to do if there is a plea agreement stipulating to a more serious offense than conviction. The one directs that the entire picture of the defendant's conduct be considered when determining the base offense. The other directs that the entire picture must include any stipulation contained in the plea agreement, if it shows a more serious offense than the offense of conviction.

■ The fact the plea bargain agreement called for the dismissal of the more serious counts, basically charging a conspiracy to distribute much more crack, does not render the relevant conduct guideline inoperative. The use of dismissed counts to determine the offense level is proper. We are not alone in so holding. See *United States v. Fine,* 975 F.2d 596, 600 (9th Cir.1992); *United States v. Frierson,* 945 F.2d 650, 654 (3d Cir.1991), *cert. denied,* ── U.S. ──, 112 S.Ct. 1515, 117 L.Ed.2d 651 (1992); *United States v. Quintero,* 937 F.2d 95, 97 (2d Cir.1991); *United States v. Rodriguez–Nuez,* 919 F.2d 461, 464 (7th Cir.1990); *United States v. Scroggins,* 880 F.2d 1204, 1214 (11th Cir. 1989), *cert. denied,* 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990); *United States v. Williams,* 880 F.2d 804, 806 (4th Cir.1989);

*United States v. Wright,* 873 F.2d 437, 440 (1st Cir.1989).

Under U.S.S.G. § 1B1.3, the sentencing court is not restricted to using only the quantity of drugs associated with the offense to which a defendant pleads guilty. The commentary to U.S.S.G. § 1B1.3 specifically states the sentencing court, in a drug distribution case, must include quantities and types of drugs not specified in the offense of conviction "if they were part of a common scheme or plan as the count of conviction." The quoted language is also set forth in U.S.S.G. § 1B1.3(a)(2) which defines the term "relevant conduct." See *Rutter,* 897 F.2d at 1562.

In Mr. McGee's case, the sentencing court selected the guideline range set forth in § 2D1.1, which pertains to trafficking in drugs, as the guideline section most applicable. This selection was made by considering relevant conduct. The relevant conduct considered was both a part of the same course of conduct, distributing the seven and one-half kilograms, and part of the same common scheme or plan. The drugs involved came from the same source, the Angulo–Lopez cocaine distribution ring; Mr. McGee participated in the cooking of the drugs; the drugs were received and sold within a short time frame of about sixty days; and a "good part" of the drugs were in fact sold by Mr. McGee. All of these acts were a part of the same course of conduct or common scheme or plan. All were a part of the same course of conduct and plan to purchase, cook and resell, seven and one-half kilograms of drugs within a short period of time.

■ Mr. McGee pled guilty to drug possession with intent to distribute. When a defendant is either convicted of or pleads guilty to drug possession with intent to distribute, the district court must factor into the sentencing computations the quantities of other drugs that were a part of the same course of conduct or scheme or plan as the offense of which defendant was convicted. *United States v. Laster,* 958 F.2d 315, 318 (10th Cir.), *cert. denied,* ── U.S. ──, 113 S.Ct. 147, 121 L.Ed.2d 98 (1992); *United States v. Ruth,* 946 F.2d 110, 113 (10th Cir.

1991), *cert. denied,* — U.S. —, 112 S.Ct. 1189, 117 L.Ed.2d 431 (1992); *United States v. Gallegos,* 922 F.2d 630, 632 (10th Cir.1991); *United States v. Ross,* 920 F.2d 1530, 1538 (10th Cir.1990); *United States v. Harris,* 903 F.2d 770, 778 (10th Cir.1990); *United States v. Boyd,* 901 F.2d 842, 844 (10th Cir.1990).

Mr. McGee cites *Braxton v. United States,* — U.S. —, 111 S.Ct. 1854, 114 L.Ed.2d 385 (1991) as support for his argument. In *Braxton,* the defendant argued his agreement to the Government's statement of facts did not "specifically establish" a more serious offense. In this case, unlike *Braxton,* the Government did not say the plea bargain was a stipulation specifically establishing a more serious offense. Therefore, the discussion in *Braxton* about whether the stipulation unambiguously established a more serious offense, is not helpful to this case.

*Braxton* directs the sentencing court to use the offense guideline most applicable to the offense of conviction. Here, the sentencing court did precisely as directed. The offense was drug trafficking and this was the guideline used as found in § 2D1.1. The sentencing court reached this result by first applying § 1B1.2(a) by determining the offense guideline in chapter two most applicable to the offense of conviction—trafficking in drugs. The plea agreement exception contained in § 1B1.2(a) did not apply and was not used because there was no stipulation showing a more serious offense.

The Government never made a factual stipulation as to the quantity of drugs involved. The sentencing judge heard testimony establishing the defendant's involvement with the seven and one-half kilograms. This testimony was uncontradicted. The Government met its burden of proving the uncharged conduct by a preponderance of the evidence. *See United States v. Frederick,* 897 F.2d 490, 492 (10th Cir.), *cert. denied,* 498 U.S. 863, 111 S.Ct. 171, 112 L.Ed.2d 135 (1990). The sentencing court correctly applied the Guidelines under § 2D1.1 and the relevant conduct under § 1B1.3(a)(2). It would have been error under the facts of this case for the sentencing court to have ignored the relevant conduct.

The judgment and sentence are **AFFIRMED.**