38 F.3d 1213
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Douglas Earl HALL, Defendant-Appellee.
 No. 92-5683.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 23, 1993.
 Decided October 14, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CR-92-57)
 E. Montgomery Tucker, U.S. Atty., Thomas L. Eckert, Asst. U.S. Atty., Roanoke, VA, for appellant.
 George A. McLean, Jr., Roanoke, VA, for appellee.
 W.D.Va.
 VACATED AND REMANDED.
 Before WIDENER, WILKINSON, and HAMILTON, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Douglas Earl Hall entered a guilty plea to manufacturing marihuana in violation of 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1993), and to possession of a firearm by a felon. The district court departed downward and imposed a sentence of sixty-five months on the ground that the total weight of the 121 marihuana plants involved in his offense was less than two kilograms.[1] The government appeals, contending that the departure was error. We vacate the sentence and remand for resentencing.
 
 
 2
 Hall's plea agreement stipulated that he was responsible for 121 marihuana plants which were growing outside on his property. Another 149 plants which had been recently started in an indoor grow room were not counted. The district court decided against a number of enhancements recommended by the probation officer, and correctly found that under guideline section 2D1.2(c), the Drug Table, one marihuana plant is the equivalent of one kilogram of marihuana, regardless of the actual weight of the plant. United States Sentencing Commission, Guidelines Manual Secs. 2D1.1(c)(9), 2D1.1(c)* (Nov.1990).[2] With a reduction for acceptance of responsibility, Hall's offense level was twenty-four. His criminal history category was V, and his guideline range was 77-96 months.
 
 
 3
 The district court then decided that the Sentencing Commission had not adequately considered a circumstance where the actual weight of the marihuana plants would be so much less than the "assumed weight," and departed on this basis. We review de novo the district court's decision that a relevant mitigating factor has not been adequately taken into account in the guidelines. United States v. Hummer, 916 F.2d 186, 192 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3702 (U.S.1991).
 
 
 4
 It is clear that the Sentencing Commission considered the weight of marihuana plants in devising section 2D1.1. Footnote * to section 2D1.1 states:
 
 
 5
 In the case of an offense involving marihuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihuana; (B) fewer than 50 marihuana plants, treat each plant as equivalent to 100 G of marihuana. Provided, however, that if the actual weight of the marihuana is greater, use the actual weight of the marihuana.
 
 
 6
 Application Note 10 to section 2D1.1 states that the guideline sentences for drug offenses are derived from Sec. 841, in which sentences for marihuana offenses are based on the number of marihuana plants regardless of weight. This Court has found, in United States v. Underwood, 970 F.2d 1336 (4th Cir.1992), that the purpose of Sec. 841 and section 2D1.1(c) is to punish growers of marihuana more severely than distributors, "even though an average plant might produce less than [a kilogram]." 970 F.2d at 1340. While the district court found that the Commission had not considered that the actual weight of marihuana might be significantly less than one kilogram, the guideline explicitly directs the sentencing court to disregard the weight of the marihuana and use the one plant/one kilogram equivalent when there are more than fifty plants involved. The sentencing scheme for this offense is not based on the assumed weight of a marihuana plant, but on a judgment by Congress that "an individual who grows 150 plants is just as culpable as one who had distributed 150 kilograms of marijuana." United States v. Haynes, 969 F.2d 569, 571 (7th Cir.1992).
 
 
 7
 We therefore vacate the sentence imposed and remand for resentencing within the applicable guideline range. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 SENTENCE VACATED AND REMANDED
 
 
 [1]
 Hall said at sentencing that his crop was unsuccessful due to insect infestation
 
 
 [2]
 The guidelines in effect on the date of the offense (October 5, 1991) were used, although no ex post facto problem is identified. Hall was sentenced on October 5, 1992