41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harold HEMMINGER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3686.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 22, 1994.
 Decided Oct. 31, 1994.
Rehearing and Suggestion for Rehearing En Banc Denied Dec. 9, 1994.
 
 Before CUMMINGS, ESCHBACH and MANION, Circuit Judges.
 
 ORDER
 
 1
 In October 1989, local law officers executed a state search warrant at the farm of Harold and Wanda Hemminger near Savannah, Illinois. The search uncovered 15 firearms and in excess of 2,700 pounds of marijuana, including harvested and growing plants. The following January a grand jury indicted both Hemmingers and charged them in Count 1 with conspiracy to possess with intent to distribute 1,254 kilograms (2,758 pounds) of marijuana in violation of 21 U.S.C. Sec. 846. Three other counts were subsequently dismissed.
 
 
 2
 In October 1990 the Hemmingers pled guilty to Count 1. In his written plea agreement with the government and in his sworn statements to the court, Harold Hemminger acknowledged that he conspired to possess with intent to distribute 1,254 kilograms of marijuana as charged in Count 1. His wife made identical admissions. The Hemmingers' plea agreements provided for agreed sentences pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C). Judge Roszkowski accepted Wanda Hemminger's agreed sentence of five years but rejected the agreed sentence of six years for Harold Hemminger.
 
 
 3
 Subsequently Harold Hemminger moved to withdraw his previously entered guilty plea, and the district judge granted the motion on February 20, 1991. Hemminger's early attorney, Louis P. Walters, Jr., was replaced by the appointment of Terry Deck. Hemminger unsuccessfully filed a motion to reassign his case to another judge and also filed a motion to suppress.
 
 
 4
 At the June 1991 evidentiary hearing on his suppression motion Hemminger sought suppression of the growing marijuana found during the search of his farm, but the motion was denied in December 1991. Shortly thereafter the district judge appointed John Nelson to represent defendant while Terry Deck and Richard Butera, his third attorney, were allowed to withdraw.
 
 
 5
 In February 1992 defendant and attorney Nelson appeared before Judge Reinhard to whom the case had been reassigned. Defendant then entered a plea of guilty to Count 1 pursuant to a new written plea agreement with the government. In that agreement defendant again admitted participation in a conspiracy involving 1,254 kilograms of marijuana.
 
 
 6
 At his March 1992 sentencing hearing, defendant filed two written objections to the presentence report. He objected to the weight of marijuana used in calculating his sentencing range and to the inclusion of a 1968 Kansas conviction in calculating defendant's criminal history category. The district judge overruled these objections and sentenced defendant to 126 months of incarceration as provided in the new plea agreement. Subsequently defendant filed a notice of appeal[1] and in July 1992 we appointed new counsel to represent him on appeal.
 
 
 7
 In September 1992 defendant's appellate attorney moved to remand the case to the district court for an evidentiary hearing and attacked the 1,254 kilograms used in his sentence because the district court had not determined "how much of that figure consisted of live, growing, mature plants and how much consisted of processed marijuana." At the same time defendant attacked the effectiveness of his trial counsel.
 
 
 8
 This Court denied the motion to remand and a subsequent motion to reconsider as "premature." Thereupon defendant's counsel renewed the attack on the district court's use of defendant's Kansas conviction in calculating his criminal history, but in March 1993 defendant successfully moved to dismiss his appeal.
 
 
 9
 In May 1993 defendant filed a motion below under 28 U.S.C. Sec. 2255 assailing his 126-month sentence. The district court denied this motion, stating that defendant should have raised the weight of marijuana problem and trial counsel's ineffectiveness and his alleged conflict of interest on direct appeal. Judge Reinhard also denied appointment of new counsel. The present appeal followed.
 
 
 10
 Defendant forfeited any challenge regarding the weight of marijuana because it was not pursued on direct appeal. That procedural default precludes review under 28 U.S.C. Sec. 2255 unless he can show cause and prejudice. United States v. Frady, 456 U.S. 152, 168. Neither has been shown.
 
 Cause not established
 
 11
 Defendant did not raise his present complaint of sentencing error on direct appeal, where he was represented by a newly appointed attorney. Defendant's related claim of ineffective assistance of trial counsel does not establish cause for his failure to raise the issue on direct appeal unless "there is a need to embellish the picture of the trial counsel's performance with extrinsic evidence." Bond v. United States, 1 F.3d 631, 636 (7th Cir.1993). No such need exists here. The record of the sentencing hearing clearly shows that live and harvested plants were weighed together. There has been a procedural default by defendant's not questioning on the first appeal this method for weighing the marijuana.
 
 Prejudice not established
 
 12
 Defendant complains that his trial attorney should have insisted that the court compute the amount of marijuana used in calculating his sentencing range by counting the number of live plants harvested by police officers while weighing the already-harvested remainder (Br. 14). We indirectly rejected a similar argument in United States v. Garcia, 925 F.2d 170 (1991), where we held that a court's computation of weight could include water in the growing marijuana plant as well as its stalks. That result supports the weighing of live and harvested marijuana together for sentencing purposes. Moreover, Congress must have so intended because in defining marijuana it included "the plant Cannabis sativa L., whether growing or not." 21 U.S.C. Sec. 802(16). Here if the officers arrived after defendant himself had cut the live plants, defendant would have to concede that the quantity of marijuana could be based upon its actual weight. It should make no difference who did the cutting.
 
 
 13
 In any event, under a statutory amendment to 21 U.S.C. Sec. 841 which became effective prior to defendant's crime, and as interpreted in the Sentencing Guidelines in effect at defendant's sentencing, Congress equated one plant of marijuana to one kilogram "regardless of weight" where as here 50 or more plants are present. The amendment did not distinguish between previously harvested or processed and growing plants. As we noted in United States v. Haynes, 969 F.2d 569, 572 (1992), Congress could have provided that the actual number of live plants must be used rather than their weight but did not choose to do so. Moreover, if the 600 harvested plants are counted with the 745 live plants, a sentence based upon 1,300 plants would result in a base offense level identical to that for the 1,254 kilograms used, thus yielding the same 32 criminal offense level. Alternatively, even if defendant were sentenced under the sentencing guidelines in effect at the time of his crime, the 10-year statutory minimum for possession of over 1000 plants, 21 U.S.C. Sec. 841(b)(1)(A)(vii), would have been controlling. U.S.S.G. Sec. 5G1.1(b). Accordingly defendant has not demonstrated prejudice.
 
 
 14
 In the absence of cause and prejudice, the order denying relief is affirmed. We also affirm the district court's denial of appointed counsel. Because no evidentiary hearing was required or held, defendant had no statutory right to appointed counsel. Oliver v. U.S., 961 F.2d 1339, 1343 (7th Cir.1992).
 
 
 
 [1]
 At the same time he filed a motion to have a hearing set for a writ of habeas corpus, but he successfully moved to withdraw that motion in April 1992