**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kelly Kay WEGNER, Defendant–
Appellant.**

**No. 94–30033.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 1994.

Decided Jan. 30, 1995.

Timothy J. Cavan, Cavan, Smith & Cavan, Billings, MT, for defendant-appellant.

James E. Seykora, Asst. U.S. Atty., Billings, MT, for plaintiff-appellee.

Before NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

Kelly Kay Wegner ("Wegner") appeals her sentence under the Sentencing Guidelines following her guilty plea for drug manufacturing and trafficking. She argues that the district court miscalculated her base offense level by erroneously applying the one kilo-

gram to one marijuana plant conversion ratio in U.S.S.G. § 2D1.1(c) n.*.

## FACTS AND PRIOR PROCEEDINGS

On November 10, 1992, Kelly Wegner pled guilty to one count of an indictment alleging that she manufactured and possessed with intent to distribute "at least 100 marijuana plants." Wegner admitted to growing and harvesting marijuana in the basement of her rented house. She, however, maintained that the number of plants involved was less than one hundred, and objected to having her sentence based on the number of plants grown over a period of time but not seized by the government. Instead, she claimed that only the dry weight of marijuana actually produced by the plants, approximately 10 to 20 kilos, should be used for determining her base offense level. With her Criminal History Category of II, this would have resulted in a base offense level of 16 under U.S.S.G. § 2D1.1.

The government contended that between 100 and 400 individual marijuana plants had been grown and harvested by the defendant personally and that she should be sentenced according to the number of plants. This would result in a base offense level of 26 under U.S.S.G. § 2D1.1.

The court found that the defendant had been involved in growing and harvesting at least 100 individual plants. The court ruled that the defendant's base offense level should be determined, not by the actual dry weight of marijuana harvested, but by treating each plant as one kilogram. In making this determination the court relied on a note to § 2D1.1(c) of the Sentencing Guidelines:

> In the case of an offense involving marihuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihuana; (B) fewer than 50 marihuana plants, treat each equivalent to 100 G of marihuana. *Provided*, however, that if the actual weight of

the marihuana is greater, use the actual weight of the marihuana.

U.S.S.G. § 2D1.1(c) n.* (1993).

The court found that the Guidelines' sentencing range for Wegner would be between 60 and 63 months. Due, however, to her substantial, continuing cooperation with the government investigation, the district court departed downward under Rule 35(b)[1] and imposed a sentence of only 20 months.

## ANALYSIS

### Applicability of One Kilo Conversion Ratio

#### I. Standard of Review

■ A district court's interpretation of the Sentencing Guidelines is reviewed de novo. *United States v. Buenrostro-Torres*, 24 F.3d 1173, 1174 (9th Cir.1994).

#### II. Discussion

The single issue presented is whether the district court was correct in applying the one kilogram conversion ratio when the marijuana plants upon which the charge and sentence were predicated were never in fact actually seized. Proof of the grow operation and the number of plants involved was established by presentation of evidence of: partial plant remains; other circumstantial evidence found at the scene; and testimony of the defendant and other witnesses obtained after the grow operation had been shut down.

Citing *United States v. Corley*, 909 F.2d 359 (9th Cir.1990) and other cases, the defendant asserts that our precedent mandates that the one kilo conversion ratio be used only when live plants have been seized. When live plants are not seized, base offense levels must be determined by the dry weight of consumable marijuana produced.

The defendant's argument is meritless, and her reliance on *Corley* and related cases is misplaced. Under 21 U.S.C. § 841 and the Sentencing Guidelines controlling *Corley*, that is, pre–1989 Guidelines, there was no

---

[1]. "The court ... may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense.... The court's authority to reduce a sentence under this subsection includes the authority to reduce such sentence to a level below that established by statute as a minimum sentence." Fed.R.Crim.P. 35(b).

one kilogram conversion ratio for marijuana plants. Each plant was equated with 100 grams of marijuana. 909 F.2d at 361. In *Corley*, we held that the purpose of the 100 gram conversion ratio was to provide a proportionate manner of sentencing based on plants or harvested dry substance by establishing a reasonable estimate of the average dry yield of growing plants. *Corley*, 909 F.2d at 361 (relying on *United States v. Graham*, 710 F.Supp. 1290 (N.D.Cal.1989)). Thus, as the policy was explained in *Corley*, prior to the 1989 amendment of the U.S.S.G., the Guidelines intended in all cases to punish growth of plants according to the average amount of dry substance which could be harvested.

In an amendment of the U.S.S.G. effective November 1, 1989, however, the Commission modified § 2D1.1(c), and introduced the one kilogram conversion ratio when the crime involved 50 or more marijuana plants.[2] U.S.S.G., App. C, Amend. No. 125 (1994).

We have previously held that the rationale behind this amendment was Congress' intent to punish the manufacture of marijuana more severely. *See United States v. Jordan*, 964 F.2d 944, 946 (9th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 478, 121 L.Ed.2d 384 (1992); *United States v. Belden*, 957 F.2d 671, 676 (9th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 234, 121 L.Ed.2d 169 (1992). In these cases, we explained that Congress did not introduce the one kilogram conversion ratio because that quantity provided any evidentiary "estimate" of the potential yield of a marijuana plant, whether proximate or remote. Instead, Congress imposed that conversion ratio because it provided a degree of punishment determined appropriate for producers of 50 or more marijuana plants:

[The one kilogram conversion ratio] is not designed as a substitute for individualized determinations regarding the actual weight of harvestable marihuana taken from a given plant. Instead, it functions only as a measure of culpability for sentencing purposes by assigning an increased level of culpability to marihuana growers as opposed to mere possessors.

*Jordan*, 964 F.2d at 947.

■ Our precedent unambiguously endorses the view that the one kilogram conversion ratio represents congressional intent to punish growers of 50 or more marijuana plants to a greater extent than smaller producers or mere possessors. The defendant's argument that she should be spared application of that one kilogram equivalency ratio because termination of the grow operation eliminated all the productive character of the plants involved is, therefore, meritless.[3]

Circuit courts of appeals, however, are split on whether the one kilogram conversion ratio is applicable when plants are not seized. This appears to be a case of first impression in this circuit.

■ The Seventh Circuit, in *United States v. Haynes*, 969 F.2d 569 (7th Cir.1992), found that the one kilogram equivalency ratio should be applied whenever there is sufficient evidence of plant growth and production, not only when those plants are actually seized. *Id.* at 572–73. In view of our agreement with the Seventh Circuit on the underlying purpose behind the one kilogram conversion ratio, it is consistent that we should

---

**2.** The one plant = 100 grams rule is carried over into the current Guidelines for crimes involving less than 50 plants:

In cases involving fifty or more marihuana plants, an equivalency of one plant to one kilogram of marihuana is derived from the penalty provisions of 21 U.S.C. § 841(b)(1)(A)(B) and (D). In cases involving fewer than fifty plants, the statute is silent as to the equivalency. For cases involving fewer than fifty plants, the Commission has adopted an equivalency of 100 grams per plant, or the actual weight of the usable marihuana, whichever is greater. The decision to treat each plant as equal to 100 grams is premised on the fact that the average yield from a mature marihuana plant equals 100 grams of marihuana. U.S.S.G. § 2D1.1 backg'd Commentary (1994).

**3.** This conclusion is also supported by our statement in *United States v. Traynor*, 990 F.2d 1153 (9th Cir.1993), that

[t]he direction of authority is not to consider a particular plant's potential for abuse when applying the straightforward language of 21 U.S.C. § 841(b)(1)(D), which bases sentencing on "50 or more marihuana plants regardless of weight." The language of the statute is plain. As the district court pointed out, "[a] marijuana plant is a marijuana plant."

*Id.* at 1160.

adopt the same interpretation as the Seventh Circuit. We hold that the one kilogram conversion ratio applies even when live plants are not seized.

The Second, Sixth, and Eleventh Circuits, however, have chosen not to follow this rule.[4] Nothing in .these decisions persuades us to their holding.

In *United States v. Blume*, 967 F.2d 45 (2d Cir.1992), the Second Circuit rejected application of the one kilogram conversion ratio, finding that it was not supported by the evidence of the actual amount produced:

> Uncontroverted evidence indicates that [the defendant's] farms produced an amount of marijuana substantially less than that used for sentencing.... [T]he amounts harvested were certainly less than one kilogram per plant.... Because the evidence does not support finding upon which the district court imposed sentence, we remand for resentencing.

*Blume*, 967 F.2d at 49–50. Given our holding that the conversion ratio is not intended to provide an evidentiary rule or estimate, the Second Circuit's view is based on a different interpretation of the conversion ratio than our precedent indicates.

The Eleventh Circuit in *United States v. Osburn*, 955 F.2d 1500 (11th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 290, 121 L.Ed.2d 215 (1992), adopted without discussion the same interpretation as the Second Circuit:

> Defendants correctly identify an anomaly in the statutory scheme. Under Section 841(b), a grower who is arrested immediately after she has harvested her marijuana crop will be sentenced according to the weight of the marijuana yielded by that crop.... Yet, a similarly situated grower, arrested immediately prior to harvesting his crop, will be sentenced on a 1000–

gram–per–plant basis. In this example, two people, almost identically situated will be treated in an appreciably different manner.

*Id.* 955 F.2d at 1509.

In effect, the Eleventh Circuit assumes that the one kilogram conversion ratio does not apply to plants which have not actually been seized, and in so doing *creates* the very statutory anomaly it considers. Application of the one kilogram conversion ratio in accord with our holding, like application of the rule adopted by the Seventh Circuit in *Haynes*, prevents this anomaly by treating alike both of the defendants described in the Eleventh Circuit's hypothetical.

In *United States v. Stevens*, 25 F.3d 318 (6th Cir.1994), the Sixth Circuit states that the legislative history of the conversion ratios of § 2D1.1 indicates that the one kilogram conversion ratio should be applied only to plants which are actually seized.

The Sixth Circuit first correctly notes that prior to the introduction of the one kilogram conversion ratio, the Sentencing Guidelines provided for punishment of possession or production of plants or dry marijuana in a roughly similar manner. It states further that while courts had little trouble applying this provision of the Guidelines, they did, however, encounter difficulty applying the previous version of 21 U.S.C. § 841(b) which called for sentencing based only on the weight of marijuana. Given this statutory provision, sentences could differ greatly depending upon whether a court considered the total wet plant weight or only the weight of the dry harvestable amount of marijuana. According to the Sixth Circuit, this ambiguity resulted in a debate as to how plants should be weighed for purposes of sentencing under § 841(b). *Stevens*, 25 F.3d at 322.

---

4. The defendant, and the Sixth Circuit in *United States v. Stevens*, 25 F.3d 318, 321 n. 1 (6th Cir.1994), allege that the Ninth Circuit's withdrawn decision in *United States v. DeLeon*, 955 F.2d 1346 (9th Cir.), op. withdrawn, sups. op. 979 F.2d 761 (9th Cir.1992) would imply adoption of the Second Circuit rule. *United States v. Blume*, 967 F.2d 45 (2d Cir.1992). The original *DeLeon* opinion, however, need not be read in this fashion. The original *DeLeon* opinion assert-

ed simply: "Congress intended live marijuana plants to be measured by number and processed marijuana by weight.... Section 841(b)(1)(B) expressly disregards the weight of individual marijuana plants where sentencing is imposed according to the number of plants in possession." 955 F.2d at 1346.

In the present case, the sentence was based on testimony as to the number of live plants grown and possessed by the defendant.

The Sixth Circuit states that § 6479 of the Anti–Drug Abuse Act of 1988, codified in the current amended version of 21 U.S.C. § 841(b), represented Congress' attempt to resolve this debate. *Stevens,* 25 F.3d at 322. Congress amended § 841 to provide for specific sentences based on weight *or* the number of plants.[5] The Sixth Circuit notes that the 1989 amendments to the U.S.S.G., introducing the one kilogram conversion ratio, attempt to capture the 1988 amendment of § 841.

Based on these considerations, the Sixth Circuit concludes:

> [t]he important point emerging from this history is that under the initial editions of the Guidelines, harvested marijuana was to be measured by weight, not by the number of plants that the marijuana came from, and neither Congress nor the Sentencing Commission has ever repudiated this proposition. The equivalency provision was developed to apply in sentencing when the plants have not been harvested.

*Stevens,* 25 F.3d at 322–23.

While we agree with much of the Sixth Circuit's analysis of legislative history, we do not believe that it supports the conclusion that the one kilogram conversion ratio does not apply when plants are not seized. The Sixth Circuit, without further reliance on case law or argument, concludes that this history implies that reliable evidence as to plants, even if not seized, must be for sentencing purposes transformed into evidence of a proportionate amount of dry harvested marijuana. Nowhere, however, does the statutory language restrict the nature of the evidence which must underlie the sentence or require the conversion of evidence of plants into dry marijuana.[6] The statute simply provides that the one kilogram conversion applies whenever the violation "involves" a "mixture" of the substance or "plants."

The discussion in *Stevens* does not indicate that our holding is inconsistent with legislative history prior to the amendment of § 841. Even if it did, we conclude that significant changes in § 841(b) would be sufficient to indicate that prior interpretation of the statute need not be dispositive of its current application.

The Guidelines provide that the one kilogram conversion ratio is to be applied "in the case of an offense involving marihuana plants, if the offense involved (A) 50 or more marihuana plants." U.S.S.G. § 2D1.1(c) n.*. When sufficient evidence establishes that defendant actually grew and was in possession of live plants, then conviction and sentencing can be based on evidence of live plants. The fact that those plants were eventually harvested, processed, sold, and consumed does not transform the nature of the evidence upon which sentencing is based into processed marijuana.

## CONCLUSION

Like the Seventh Circuit, we have interpreted congressional intent in § 2D1.1(c) n.* to be to punish the producers of marijuana plants more severely than mere possessors. *Jordan,* 964 F.2d 944, 947. Congress has further concluded by amending § 841(b), that production of 50 or more plants constitutes a large enough scale for imposition of the one kilogram conversion ratio. *See* 21 U.S.C. § 841(b)(1)(A), (B), and (D). This provision is incorporated in the Sentencing Guidelines in § 2D1.1(c) n.*.

The count to which the defendant pled guilty explicitly refers to "marijuana plants"; the defendant admits in her plea agreement

---

5. The legislation amended the United States Code providing for a mandatory minimum imprisonment of ten years for persons with 1000 kilograms of marijuana or 1000 plants, and a mandatory minimum imprisonment of five years for persons with 500 kilograms or 500 plants. *See* 21 U.S.C. § 841(b)(1)(A) and (B).

6. The amended version of 21 U.S.C. § 841(b)(1)(A), for example, reads simply:

(b) Penalties

... [A]ny person who violates subsection (a) of this subsection shall be sentenced as follows:
(1)(A) In the case of a violation of subsection (a) of this section involving—
....
(vii) 1000 kilograms or more of a mixture containing a detectable amount of marijuana, or 1,000 or more marijuana plants regardless of weight ... such person shall be sentenced to a term of imprisonment which may not be less than 10 years....

that she grew and harvested plants; and the defendant does not appeal the lower court's finding that one hundred plants were involved. We conclude that the district court's application of the one kilogram equivalency ratio conforms to the plain language of U.S.S.G. § 2D1.1(c) n.* and to our interpretation of congressional intent represented by this provision.

AFFIRMED.