_____

No. 95-2457
_____

Bart Albert Sanquist,                          *
                                               *
          Appellant,                           *
                                               *  Appeal from the United States
      v.                                       *  District Court for the
                                               *  District of Minnesota.
United States of America,                      *
                                               *      **[UNPUBLISHED]**
          Appellee.                            *

_____

               Submitted:  May 22, 1996

                   Filed:  May 28, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     After authorities found marijuana plants drying in a locked shed on
Bart Albert Sanquist's property, he pleaded guilty to possessing more than
one hundred marijuana plants with intent to distribute, in violation of 21
U.S.C. § 841(a)(1) and (b)(1)(B).  Sanquist's plea agreement stipulated
that he knowingly possessed "approximately 330 marijuana plants."  The
district court[1] imposed the sixty-month mandatory minimum prison sentence
for a violation involving "100 or more marijuana plants,"
§ 841(b)(1)(B)(vii), rejecting defense counsel's contention that this
penalty should not apply because Sanquist had merely picked marijuana
plants growing wild along a country road.  Sanquist did not appeal, but he
later brought this 28 U.S.C. § 2255 motion to vacate his sentence.  The
district court denied the motion, and Sanquist appeals.  Having

_____

     The HONORABLE DONALD D. ALSOP, United States District Judge
for the District of Minnesota.

reviewed the denial de novo, see Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992), we affirm.

Although Sanquist raises numerous issues, we conclude that the appeal turns on his contention that the mandatory minimum sentence was improperly imposed because there was no evidence that he had grown the drying plants. The statute applies to offenses "involving . . . plants," language that plainly encompasses the harvesting as well as the growing components of agricultural production. See United States v. Haynes, 969 F.2d 569 (7th Cir. 1992). Sanquist stipulated that he possessed "approximately 330 marijuana plants," thereby conforming his plea agreement to the plain language of § 841(b)(1)(B)(vii). In these circumstances, the sentencing court was clearly correct in imposing the mandatory minimum five-year sentence. That being so, Sanquist's claim that trial counsel rendered ineffective assistance by failing to argue at sentencing that the plants were not alive when seized, and his additional claim under 18 U.S.C. § 3582(c)(2) that the sentence should be reduced because of a recent amendment to U.S.S.G. § 2D1.1(c), see U.S.S.G. App. C at 417 (Amend. No. 516), afford him no basis for postconviction relief. See U.S.S.G. § 5G1.1(b).

Accordingly, we affirm. Sanquist's motions for appointment of counsel and for reduction of sentence under 18 U.S.C. § 3582(c)(2) are denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.