**F I L E D**

**UNITED STATES COURT OF APPEALS**

**JUL 3 2002**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES W. MCGEE, JR.,

    Defendant - Appellant.

No. 02-6027
(D.C. No. CIV-01-955-T,
CR-91–220-T)
(W.D. Oklahoma)

## ORDER AND JUDGMENT[*]

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

On August 6, 1992, Defendant-Appellant Charles W. McGee, Jr., pled

guilty to possessing with the intent to distribute eight ounces of cocaine base, in

violation of 21 U.S.C. § 841(a)(1). The United States District Court for the

Western District of Oklahoma subsequently sentenced Mr. McGee to 360 months

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

in prison, a sentence we affirmed on direct appeal. See United States v. McGee, 7 F.3d 1496 (10th Cir. 1993).

On June 22, 2001, Mr. McGee, pursuant to 28 U.S.C. § 2255, filed a habeas corpus petition with the district court, arguing that his sentence should be vacated in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). The district court denied Mr. McGee relief, but it did not address whether Mr. McGee's petition warranted a certificate of appealability (COA). See 28 U.S.C. § 2253(c). Under these circumstances, the district court is deemed to have denied a COA, see Emergency General Order of October 1, 1996, and we construe Mr. McGee's notice of appeal as a renewed application for a COA. See United States v. Gordon, 172 F.3d 753, 753-54 (10th Cir. 1999). Mr. McGee also filed a motion with this court asking that he be allowed to proceed *in forma pauperis* (IFP) on appeal.

As he acknowledges in his pro se brief, Mr. McGee can only obtain relief under Apprendi if we interpret that decision as announcing a new rule of constitutional law that applies retroactively to initial habeas petitions. See Teague v. Lane, 489 U.S. 288, 331 (1989). We recently explained, however, that Apprendi "is not retroactively applicable to initial habeas petitions." United States v. Mora,—F.3d—, 2002 WL 1317126, at *4 (10th Cir. June 18, 2002).

Accordingly, we **DENY** Mr. McGee's application for a COA and **DISMISS** the appeal. We further **DENY** Mr. McGee's request for IFP status.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge