961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel Diaz SANCHEZ, Defendant-Appellant.
 No. 91-7100.
 United States Court of Appeals, Tenth Circuit.
 April 6, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The sole issue presented in this appeal is whether sufficient evidence exists to support the sentencing court's factual findings concerning the quantity of drugs involved.
 
 
 3
 Mr. Sanchez entered a guilty plea to the charge of possession of 1,200 pounds of marijuana with intent to distribute. However, his presentence report included five kilograms of cocaine, in addition to the 1,200 pounds of marijuana, in determining the offense level based on the quantity of drugs involved. Mr. Sanchez admitted the quantity of marijuana but denied any cocaine transactions. Therefore, the court conducted a sentencing hearing.
 
 
 4
 At the sentencing hearing, the Government sought to establish the cocaine transactions had occurred during the commission of the offense of conviction. See Sentencing Guideline § 1B1.3. The Government called an agent with the Oklahoma Bureau of Narcotics who testified that she had conversations with Mr. Palmeri, a cooperating witness who was involved with Mr. Sanchez during the marijuana transactions. The agent testified Mr. Palmeri told her that in February 1989, in addition to 350 pounds of marijuana he picked up five kilograms of cocaine. The agent then stated that Mr. Palmeri told her Mr. Sanchez had introduced him to the people from whom he received the cocaine in Arizona. Mr. Palmeri related to the agent that he delivered two of the five kilograms to a Mexican restaurant in Tucson for $32,000. Mr. Palmeri further related to the agent that he fronted the remaining three kilograms to Mr. Sanchez who took the drugs to Texas. The agent testified that Mr. Palmeri said Mr. Sanchez paid him $54,000 for that transaction.
 
 
 5
 Mr. Sanchez testified on his own behalf and related that he only served as an interpreter for Mr. Palmeri for the marijuana transactions. He also testified that he borrowed money from Mr. Palmeri. Mr. Sanchez then testified he knew nothing of the cocaine although he admitted introducing Mr. Palmeri to the Arizona drug dealers whom he knew were dealing in drugs other than marijuana.
 
 
 6
 The district court accepted the testimony of the Government agent and found by a preponderance of the evidence that Mr. Sanchez had arranged through Mr. Palmeri for the delivery of the two kilograms in Arizona and that Mr. Sanchez received from Mr. Palmeri the remaining three kilograms of cocaine for distribution. Consequently, the court made the appropriate adjustments to the offense level.
 
 
 7
 Mr. Sanchez raises but one issue: whether the district court's findings are clearly erroneous. Mr. Sanchez makes what can best be described as a jury argument to this court. He argues that none of the cocaine was ever recovered and that no substantial amounts of money were ever found on Mr. Sanchez. Furthermore, Mr. Sanchez asserts the Government's case was based largely on hearsay and its primary witness, Mr. Palmeri, had a prior felony record. Therefore, he asks us to discard the Government's evidence asserting it lacks any indicia of reliability.
 
 
 8
 To impose a sentence based upon the quantity of drugs, the district court's factual findings must be determined by a preponderance of the evidence. A sentencing court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided the information has sufficient indicia of reliability to support its probable accuracy. Thus, "[r]eliable hearsay evidence may be considered." United States v. Beaulieau, 893 F.2d 1177, 1180 (10th Cir.1990). When we review a drug quantity determination by the district court, we will not disturb its finding "unless it has no support in the record or unless after reviewing all the evidence we are firmly convinced that an error has been made." United States v. Cook, 949 F.2d 289, 296 (10th Cir.1991).
 
 
 9
 In this case we have no doubt the record supports the sentencing court's factual findings. We recognize that some minimal indicia of reliability, other than mere allegation, must accompany a hearsay statement before it may be relied upon in sentencing. United States v. Reid, 911 F.2d 1456, 1464 (10th Cir.1990), cert. denied, 111 S.Ct. 990 (1991). In the case before us, the record justified the sentencing court's finding of a minimal indicia of reliability of the hearsay statement introduced. All of the evidence, except Mr. Sanchez's statement, corroborated the hearsay statement of Mr. Palmeri. The agent testified she had verified Mr. Palmeri's trips to Arizona with travel agency records, other cooperating witnesses, and telephone tolls. She further testified that she had verified the contacts between Mr. Palmeri and Mr. Sanchez with various phone records. Based on this evidence, we hold the district court's findings were not clearly erroneous.
 
 
 10
 The district court's judgment and sentence is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3