**Filed 1/10/97**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MANUEL DIAZ SANCHEZ,

Defendant-Appellant.

No. 96-7039
(D.C. No. CIV-95-34-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Defendant Manuel Diaz Sanchez appeals the district court's denial of his motion to vacate, set aside, or correct his sentence, brought pursuant to 28 U.S.C. § 2255. We affirm.

Defendant was charged with three counts in a multi-defendant, multi-count criminal proceeding. In exchange for dismissal of two of the counts, defendant pled guilty to possessing 1,200 pounds of marijuana with intent to distribute. His sentence offense level was increased, however, to include responsibility for several large cocaine transactions which the district court found occurred during commission of the marijuana offense. Defendant was sentenced to 135 months' incarceration.

In his direct appeal, defendant argued that the evidence did not support the finding that he was involved in the cocaine transactions and that, therefore, his sentence was erroneous. We affirmed, holding that the record supported the district court's factual findings. United States v. Sanchez, No. 91-7100, 1992 WL 74128 (10th Cir. Apr. 6, 1992).

Defendant filed this § 2255 motion in January 1995,[1] arguing that the government breached the oral plea agreement by failing to limit defendant's sentence to the marijuana offense, and that his attorney was ineffective in failing to inform defendant that his sentence could be increased by the cocaine transactions and in failing to object to the government's breach of the plea agreement. Attached to defendant's motion was an affidavit setting forth the substance of his claims. The government's response included an affidavit by defendant's former attorney, describing the plea negotiations, his advice to defendant, and defendant's ultimate choice to plead to the possession count rather than cooperate with the government and reduce his sentence.

The matter was referred to a magistrate judge, who determined that the record was sufficient to review adequately defendant's claims without an evidentiary hearing. The magistrate judge recommended that defendant's motion be denied, finding that defendant knew he would be held accountable at sentencing for his involvement in the cocaine transactions, and that his attorney

---

[1] We note that defendant's § 2255 motion was filed several years after his direct appeal was decided. On April 24, 1996, while his motion was pending on appeal, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. The Act, inter alia, amends 28 U.S.C. § 2255 to require, under most circumstances, that motions be brought within one year after a defendant's conviction becomes final. Because this requirement would attach new legal consequences to events completed before its enactment, it does not operate to preclude this appeal. See United States v. Lopez,100 F.3d 113, 116-17 (10th Cir. 1996).

was not ineffective.  The district court adopted the magistrate judge's findings and recommendation, and this appeal followed.

On appeal, defendant argues that (1) his sentence was improperly increased based on unreliable information linking him to the cocaine transactions; (2) the government breached the plea agreement by failing to recommend that his sentence be limited to involvement in the marijuana offense, with a sentence of no more than seventy months; (3) his attorney was ineffective in failing to object to the sentence increase or the alleged breach of the plea agreement; and (4) the district court erred in not holding an evidentiary hearing.

When reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo, and its findings of fact for clear error.  United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996).  Whether government conduct has violated a plea agreement presents a question of law which we review de novo.  United States v. Robertson, 45 F.3d 1423, 1442 (10th Cir.), cert. denied, 116 S. Ct. 133 (1995).  In addition, "[a] claim of ineffective  assistance of counsel presents a mixed question of law and fact which we review de novo." Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir. 1995), cert. denied, 116 S. Ct. 936 (1996).  Finally, the district court's denial of an evidentiary hearing is reviewed for an abuse of discretion.  Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir.), cert. denied, 117 S. Ct. 493 (1996).

We note that defendant's first argument regarding the reliability of the information linking him with the cocaine transactions was not raised to the district court. Absent compelling reasons, we will not address an issue for the first time on appeal. See United States v. Strahl, 958 F.2d 980, 983 (10th Cir. 1992). Even if defendant had raised the issue, however, we would not consider it, because it was previously decided by this court on the merits. See Cox, 83 F.3d at 342. "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to 2255." United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989).

Regarding plaintiff's claim that the government breached the plea agreement, there is no evidence that the agreement contained any promise to limit his sentence offense level to the 1,200 pounds of marijuana, or that he was promised a sentence of less than seventy months. "[T]he party who asserts a breach of a plea agreement has the burden of proving the underlying facts that establish a breach by a preponderance of the evidence." Allen v. Hadden, 57 F.3d 1529, 1534 (10th Cir.), cert. denied, 116 S. Ct. 544 (1995).

In his affidavit, defendant does not actually allege that these promises were terms of the plea agreement, but simply states that this was his understanding at the time he pled guilty. See R. I, affidavit attached to doc. 1. In contrast,

defendant's attorney states in his affidavit that the agreement did not contain such terms, and that defendant understood his sentence would probably be based on the cocaine amounts as well, increasing the range to between 108 and 135 months. See id., doc. 5, ex. A.

Defendant appears to argue that the government's agreement to dismiss the other counts implicitly included a promise that he would not be sentenced for the conduct underlying those counts. The sentencing guidelines specifically allow a sentence to rest on such conduct, however. See U.S.S.G. § 1B1.3(a)(2) and commentary thereto (defining "relevant conduct" to include quantities and types of drugs not specified in the offense of conviction if they "were part of the same course of conduct or common scheme or plan as the offense of conviction"); United States v. McGee, 7 F.3d 1496, 1499 (10th Cir.1993)(holding proper government's use at sentencing of conduct underlying counts that plea agreement agreed to dismiss); United States v. Frederick, 897 F.2d 490, 492 n.2 (10th Cir. 1990)(noting, in dicta, that so long as defendant was not convicted of any crime except the one to which he pled guilty, government did not breach agreement to dismiss other counts by presenting evidence of dismissed counts for sentencing purposes). Although we examine a plea agreement based on the defendant's reasonable understanding of it, Robertson, 45 F.3d at 1442, here defendant's understanding was not "reasonable" in light of the lack of an express promise to

limit his offense level and the sentencing guidelines' requirement that the cocaine transactions be taken into account. See, e.g., Cunningham v. Diesslin, 92 F.3d 1054, 1059-60 (10th Cir. 1996)(holding defendant's understanding at time of plea did not control because it was neither an explicit nor implicit part of the plea agreement); United States v. Hand, 913 F.2d 854, 856 (10th Cir. 1990)(holding plea agreement could not be reasonably interpreted to contain a particular promise).

Further, although defendant now argues on appeal that the plea included a promise to limit his sentence to seventy months, his affidavit contradicts this allegation, stating that his attorney told him his sentence would be between seventy and eighty-seven months. R. I, affidavit attached to doc. 1. Moreover, at the plea hearing, defendant was informed that he could be sentenced from five to forty years if he had no prior drug convictions, and from ten years to life if he had such convictions. R. II at 9-10. He was also informed that depending on the crime for which he was currently incarcerated, the sentencing guidelines called for a sentence between 97 and 135 months. Id. at 12. After stating that he understood this, id. at 14, he told the court that he had not received any promises regarding a lighter sentence if he pled guilty; that he understood his sentence was solely within the court's control; and that he was in the hands of God and the court as far as the time he would receive, id. at 21. He also agreed that the plea

agreement called for dismissal of two counts in return for his guilty plea on the third, without raising his belief that the agreement also restricted his sentence to seventy months. Id. at 22. At that time, defendant's attorney acknowledged that this was the "[plea] agreement in its entirety." Id. at 22-23.

"The truth and accuracy of [defendant's] statements are regarded as conclusive in the absence of a believable reason justifying departure from their apparent truth." United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978). Here, although defendant's ability to speak English was limited, he was fully assisted by a translator at all court proceedings and when meeting with his attorney. Further, although he had many opportunities to raise the issue, defendant did not inform either the district court or this court of the government's alleged breach of the plea agreement until four years later, when he filed this § 2255 motion. He has not shown, therefore, a believable reason to depart from the apparent truth of his statements to the court at the plea hearing.

The evidence also supports the district court's finding that defendant's attorney provided effective assistance of counsel. Defendant argues that his attorney was ineffective in failing to challenge use of the cocaine transactions to increase his sentence and in failing to object to the government's breach of the plea agreement. The record belies the first claim, however, showing that defendant's attorney fully litigated the propriety of increasing defendant's

sentence with the cocaine amounts, both at the sentencing hearing and on appeal. As for the second claim, defendant's failure to show that the government breached the plea agreement negates his claim that his attorney acted unreasonably in failing to object to any such breach.

Finally, the district court did not abuse its discretion in denying an evidentiary hearing in this case. When the terms of a plea are described on the record and are acknowledged by a defendant, his later allegation that such statements were untrue will require a hearing "only in the most extraordinary circumstances." Blackledge v. Allison, 431 U.S. 63, 80 n.19 (1977). This is especially true when the court gives the defendant a "full opportunity for presentation of the relevant facts" through "affidavits from all persons likely to have firsthand knowledge." Id. at 82-83 & n.25. Here, defendant's conclusory allegations regarding the plea agreement terms, which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing. See Lasiter, 89 F.3d at 702-03.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge