F I L E D
**United States Court of Appeals
Tenth Circuit**

**DEC 15 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MANUEL DIAZ SANCHEZ,

    Defendant-Appellant.

No. 97-7089
(E. District of Oklahoma)
(D.C. No. CR-91-12-S)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Manuel D. Sanchez, proceeding *pro se*, appeals the district court's denial of his "Motion to Modify Sentence" brought pursuant to 18 U.S.C. § 3582(c)(2). According to Sanchez, the district court erred in denying the Motion to Modify without first holding a hearing. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

Sanchez was indicted in a multi-count, multi-defendant controlled substance distribution conspiracy on March 15, 1991. On May 29, 1991, Sanchez pleaded guilty to count eight of the indictment, which alleged a violation of 21 U.S.C. § 841(a)(1), possession of marijuana with intent to distribute. In determining Sanchez's base offense level for purposes of sentencing, the district court considered, over Sanchez's objection, a large quantity of cocaine as relevant conduct. This court affirmed Sanchez's sentence on direct appeal. *United States v. Sanchez*, No. 91-7100, 1992 WL 74128 (10th Cir. April 6, 1992). Sanchez thereafter filed a petition pursuant to 28 U.S.C. § 2255 challenging his sentence. The district court denied the petition and this court affirmed. *United States v. Sanchez*, No. 96-7039, 1997 WL 8842 (10th Cir. January 10, 1997).

Soon thereafter, Sanchez initiated this action, his third attempt to have his sentence modified, by filing a Motion to Modify with the district court pursuant to

18 U.S.C. § 3582(c)(2).[1]  Although Sanchez's arguments are nearly incomprehensible, he appeared to argue that Amendments 484 and 516 to the United States Sentencing Guidelines, effective November 1, 1995, changed the manner in which his base offense level should be calculated and, therefore, entitled him to a sentencing reduction pursuant to §3582(c)(2).  The district court denied the Motion by minute order on July 15, 1997.  It is from this minute order that Sanchez appeals.

Sanchez argues on appeal that the district court erred when it denied his Motion to Modify without first holding a hearing.  Because Sanchez's arguments regarding the Amendments are both frivolous and meritless, the district court did not err in denying Sanchez's Motion without first holding a hearing.

Amendment 484 resolved an inter-circuit conflict by amending the commentary to guideline § 2D1.1.[2]  The newly amended commentary makes clear that in establishing the weight of a controlled substance, the courts should not

[1]Section 3582(c)(2) provides as follows:
    [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

[2]U.S.S.G. § 2D1.1 establishes the base offense level for controlled substance crimes.

include "materials that must be separated from the controlled substance before the controlled substance can be used." U.S.S.G. § 2D1.1 commentary. In an absurd reading of Amendment 484, Sanchez apparently argues that the Amendment prevents the combining of different types of drugs (*i.e.*, marijuana and cocaine) in determining a defendant's base offense level. Thus, according to Sanchez's reading of the Amendment, the district court was obligated to consider **either** the marijuana **or** the cocaine **but not both** in determining his base offense level.

In contrast to Sanchez's reading of Amendments 484, the purpose of the Amendment is clear: the base offense level for drug crimes should be based on the actual weight of the illegal drugs, excluding unusable byproducts and packaging materials from the calculations. Amendment 484 does not eliminate consideration, under the relevant conduct provisions, of controlled substances other than those found in the count of conviction. Because Sanchez's argument based on Amendment 484 is completely without merit, the district court did not err in denying the Motion to Modify on this ground without first holding a hearing.

Sanchez's arguments with regard to Amendment 516 are similarly flawed. Amendment 516 altered the equivalency used to convert marijuana plants to usable marijuana for purposes of calculating a defendant's base offense level. Prior to the Amendment, § 2D1.1 provided that "In the case of an offense

involving marijuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plaint as equivalent to 1 KG of marihuana; (B) fewer than 50 marihuana plants, treat each plant as equivalent to 100 G of marihuana." After the Amendment, § 2D1.1 simply provided that, without regard to the number of plants at issue, each plant should be considered as equivalent to 100 G of marijuana.

Sanchez asserts, without explanation, that he is entitled to a reduction in his base offense level based on Amendment 516. The record makes clear, however, that Sanchez pleaded guilty to involvement in a plot to distribute 1200 pounds of marijuana. His case did not involve plants and, therefore, did not call into question the issue of conversion between plants and usable marijuana. Accordingly, Amendment 516 is completely inapplicable to his case.[3]

---

[3]It must be further noted that the 5 KG of cocaine attributed to Sanchez as relevant conduct, an attribution upheld by this court on direct appeal and on collateral proceedings, is alone sufficient to support a base offense level of 32. U.S.S.G. § 2D1.1(4).

Because Sanchez's Motion to Modify is both frivolous and meritless, the district court did not err in denying the Motion without a hearing. Accordingly, the Order of the district court denying the Motion to Modify is hereby **AFFIRMED**.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge