**UNITED STATES of America, Plaintiff,**

v.

**William GRAHAM and Gregory Corley, Defendants.**

**No. CR–88–0667 WHO.**

United States District Court,
N.D. California.

April 7, 1989.

Joseph Russoniello, U.S. Atty., and Rudy M. Orjales, Asst. U.S. Atty., San Francisco, Cal., for plaintiff U.S.

Barry Portman, Federal Public Defender, and Robert Nelson, Asst. Federal Public Defender, San Francisco, Cal., for defendant William Graham.

Stuart Hanlon, Tamburello & Hanlon, San Francisco, Cal., for defendant Gregory Corley.

## OPINION AND ORDER

ORRICK, District Judge.

Defendants, William Graham and Gregory Corley, both pled guilty to Count Three of an indictment charging them with conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C. § 846. Sentencing is governed by the substantive offense, 21 U.S.C. § 841(a)(1), and the United States Sentencing Commission Guidelines ("Guidelines"). On March 29, 1989, in anticipation of the sentencing hearing scheduled for April 12, 1989, a presentence conference was held in this case to discuss the one issue that the government and the defendants cannot agree on regarding sentencing under the Guidelines, namely, whether to calculate the marijuana in

terms of number of plants or in terms of weight. The parties have submitted sentencing memoranda outlining their arguments and presented oral argument. The Court, after considering all the information before it, finds that no reasonable dispute exists regarding which method should be used for calculating the amount of marijuana. The Court finds that in cases such as this involving live plants, the Guidelines contemplate using solely the number of plants as the appropriate measure.

Section 841(a)(1) is governed by § 2D1.1 of the Guidelines. Subsection (a)(3) of § 2D1.1 refers to the Drug Quantity Table to determine the base offense level. For each offense level, the table lists two measurements for marijuana—weight and number of plants. The table does not expressly indicate which measure should be used, but the Drug Equivalency Table lists one marijuana plant as equal to 100 grams of marijuana.

In this case, approximately 1,300 marijuana plants were seized. Defendants argue that weight should be used to determine the base offense level because the plants in this case were small and would not equal the 100 grams the Drug Equivalency Table assigns to one plant.

The basis for defendants' argument is that these plants were "indoor" rather than "outdoor" plants and could never grow to the size that the United States Sentencing Commission considered when it set the weight equivalency of one marijuana plant at 100 grams. Defendants argue that if the number of plants is used as the measure, it would overcount the total amount of marijuana involved in this case and result in a higher base offense level.

The Court finds no basis in the Guidelines or in § 841 for accepting defendants' creative argument. The Guideline's Drug Quantity Table lists measures for both weight and number of plants for calculating offense levels for marijuana. The Guidelines state no reason for this distinction. The reason, however, seems clear. Marijuana is found in either live plant form prior to harvest or dry leaf form after harvest. Weight is the appropriate measure for dry marijuana, but a distinction must be made for live plants prior to harvest. Such a distinction is important, because live plants weigh more than marijuana in its dry leaf form. Therefore, when marijuana is seized prior to harvest, the Guidelines contemplate the court using the number of plants as the measure.

Weight is irrelevant, because the actual amount of usable marijuana had the plant been allowed to fully grow is unknown. The following example is illustrative of why this distinction in measures makes sense. If one is growing 500 newly planted marijuana plants, and is arrested, the plants' weight would be minimal. If, however, that same person is arrested months later when the plants are fully grown, the weight would be much greater. If defendants' argument were adopted, and weight were used as the measure, the Guidelines would reward a defendant for being arrested early in the growing cycle before his plants have matured. An interpretation of the Guidelines resulting in this situation would not be proper.

Support for the interpretation of the Guidelines that the number of plants is the proper measure when measuring live plants is found in 21 U.S.C. § 841(b)(1)(D), which provides the penalty in certain cases under § 841(a)(1):

"In the case of less than 50 kilograms of marijuana, except in the case of 100 or more marijuana plants *regardless of weight*, ... such person shall ... be sentenced to a term of imprisonment of not more than 5 years."

(Emphasis added.) In the case of 100 or more plants, as we have here, subsection C applies, which provides for a term of not more than 20 years.

The statute clearly states that in cases measuring marijuana in live plant form in which there are 100 or more plants, then weight is immaterial. That is the situation in this case. Therefore, any evidence that the plants involved in this case would not grow to yield 100 grams of marijuana is irrelevant. No distinction is made between "indoor" and "outdoor" plants in either the Guidelines or the statutes. Thus, the

Court finds that the intent of the Guidelines is to measure the number of marijuana plants if that is the form the marijuana is in and to measure its weight if the marijuana is in dry leaf form.

There are approximately 1,300 plants in this case. In his calculations, the probation officer discounted 800 seedings, which left the total number of plants at approximately 500. After studying how the probation officer arrived at this figure, the Court finds that it is a fair number to use in calculating the base offense level. Accordingly,

IT IS HEREBY ORDERED that:

1. A sentencing hearing will be held on April 12, 1989.

2. The dispute as to which method should be used to calculate the amount of marijuana is not a reasonable dispute. The proper measure when marijuana is in live plant form rather than dry leaf form is to count the number of plants.

3. The probation officer's calculation of approximately 500 plants is adopted by the Court.