UNITED STATES of America,
Plaintiff–Appellee,

v.

Marcus Kevin BRADLEY,
Defendant–Appellant.

No. 88-3464.

United States Court of Appeals,
Eleventh Circuit.

July 9, 1990.

Terry Silverman, Gainesville, Fla., for defendant-appellant.

Alan Ceballos, Asst. U.S. Atty., Robert W. Genzman, Richard Alan Poole, Jacksonville, Fla., Nina Swift Goodman, Appellate Section, Criminal Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before ANDERSON and EDMONDSON, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

Law enforcement officers found sixty-seven marijuana plants weighing 113.7 grams in defendant Marcus Bradley's residence. Pursuant to a plea agreement, Bradley pleaded guilty to a charge of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1), and the government dismissed a charge of possession with intent to distribute marijuana.

Applying the federal Sentencing Guidelines, the probation officer assigned to the case recommended that Bradley be sentenced under offense level 14, based on the number of marijuana plants. Bradley objected to this offense level and filed a motion to withdraw his guilty plea. At the sentencing hearing, however, Bradley told the judge that he did not want to withdraw his plea. Rather, he wanted to be sentenced under offense level 6, based on the weight of the marijuana plants. Bradley said he had been led to believe that weight was the appropriate measure.[1] The prose-

---

1. When Bradley was sentenced, offense level 14 applied where there were 50 to 99 marijuana plants or 5.0 to 9.9 kilograms and carried a penalty of 15 to 21 months for the first offense.

cuting attorney replied that he had assumed when negotiating the plea agreement that Bradley would be sentenced under level 6 based on weight. But Bradley admitted that the parties never negotiated or agreed to a particular offense level or sentence. The plea agreement was silent on the sentence.

■ The district court expressly found that the government had not promised Bradley a particular offense level or sentence, and we see no clear error in the district court's finding of fact. *See United States v. Griffin*, 816 F.2d 1, 6 (D.C.Cir. 1987). To the extent that Bradley claimed his guilty plea was based on his attorney's estimate of the sentence and offense level, the claim did not warrant withdrawal of the guilty plea where Bradley acknowledged to the court that he understood the possible maximum sentence for his crime to be greater than the sentence the court ultimately imposed. *See United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir.1989). The district court denied Bradley's motion to withdraw his plea and sentenced Bradley under level 14 with a two-level reduction for acceptance of responsibility.

■ Bradley does not ask us to reverse the district court's denial of his motion to withdraw his guilty plea. He argues that the court incorrectly applied the Sentencing Guidelines and asks that we remand so that he may be sentenced based on the weight of the marijuana plants. We decline to do so. We hold that the Sentencing Guidelines effective at the time of Bradley's sentencing contemplated using the number of plants as the appropriate measure for sentencing when the offense involved plants.

Amendments to the Guidelines, effective November 1, 1989 and not applicable in this case, clarify that the number of marijuana plants is the appropriate measure in an offense involving plants.[2] But at the time of Bradley's sentencing, the Guidelines did not tell the sentencing judge when to base the offense level on the number of plants and when to use weight. Still, we find clear intent in the Guidelines that the appropriate measure is the number of plants when plants are involved.

A defendant convicted of manufacturing marijuana under Section 841(a)(1) is sentenced under Section 2D1.1 of the Guidelines, which requires the judge to use the Drug Quantity Table to determine the offense level. *See* Sentencing Guideline § 2D1.1(a)(3) (1987). Under the pre-amendment Guidelines, for each offense level the table listed measurements in both number of plants and weight. The weight measurement, however, apparently refers not to the actual weight of the live plants, but to the weight of harvested marijuana or its equivalent.

This interpretation is supported by the Guideline's Drug Equivalency Tables, which are used for determining sentences for convictions involving less common controlled substances and for convictions involving multiple types of controlled substances. *See* Sentencing Guidelines § 2D1.1, Application Notes 10, at 2.41 (1987). According to the pre-amendment tables, one marijuana plant is the equivalent of 100 grams of marijuana. *Id.* at 2.43. Thus, the Sentencing Commission must have contemplated that a growing plant ought to be treated as more marijua-

Level 6, which carried a sentence of up to 6 months for the first offense, applied to less than 3 marijuana plants or less than 250 grams.

2. The Drug Quantity Table no longer states measures in both plants and weight, but gives only weight and requires that the sentencing court convert the number of plants to weight. The amended footnotes to the Drug Quantity Table say, in pertinent part:
In the case of an offense involving marihuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihuana; (B) fewer than 50 marihuana plants, treat each plant as equiva-

lent to 100 G of marihuana. *Provided*, however, that if the actual weight of the marihuana is greater, use the actual weight of the marihuana.
Sentencing Guidelines § 2D1.1, at 2.45 (1989) (emphasis in original).
The purposes of this amendment are ... to reflect the statutory change with respect to fifty or more marihuana plants [21 U.S.C. § 841(b)(1)(D) ], ... *and to clarify the operation of the guideline.*
Sentencing Guidelines App. C, at C.75 (1989) (emphasis added).

na than its actual weight. The weight of the marijuana plants in this case was only 113.7 grams, but the Guidelines' equivalent of sixty-seven plants would be 6.7 kilograms. This is consistent with the offense level measures, because level 14 applied both to 67 plants and to 6.7 kilograms.

The only case we have found interpreting this aspect of the Guidelines reached the same conclusion. *United States v. Graham,* 710 F.Supp. 1290 (N.D.Cal.1989). There, the district court found it "clear" that a sentence under the pre-amendment Guidelines is to be based on the number of plants when marijuana is discovered in live plant form prior to harvest. *Id.* at 1291. When marijuana is discovered in dry leaf form after harvest, the weight measurement is appropriate. *Id.* When marijuana is found in live plant form, "[w]eight is irrelevant, because the actual amount of usable marijuana had the plant been allowed to fully grow is unknown.... [If] weight were used as the measure, the Guidelines would reward a defendant for being arrested early in the growing cycle before his plants have matured. An interpretation of the Guidelines resulting in this situation would not be proper." *Id.*

AFFIRMED.