953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Edwin Oscar GODINHO, Defendant-Appellant.
 No. 91-10068.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1991.*
Decided Jan. 17, 1992.
 
 Before PREGERSON, FERGUSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On October 15, 1990, Godinho pled guilty to manufacturing and aiding and abetting the manufacture of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced him to 78 months imprisonment, the bottom of the guideline range as determined in the presentence report. Godinho raises a number of challenges to his Guidelines sentence.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the district court's decision to sentence Godinho to 78 months' imprisonment.
 
 ANALYSIS
 I. CONSTITUTIONAL ISSUES
 A. Due Process and Equal Protection Claims
 
 4
 Godinho argues that the Guidelines violate his rights to due process and equal protection by sentencing him on the basis of an erroneous presumption that each marijuana plant is capable of producing 1 kilogram of marijuana. The Guidelines treat each plant for sentencing purposes as the equivalent of 1 kilogram of marijuana in cases where more than 50 plants are involved. See United States Sentencing Commission, Guidelines Manual, § 2D1.1 (Nov. 1990).[1] Godinho contends that his sentence should have been based on a "reasonable approximation of the actual quantity" of marijuana that could be produced by the marijuana plants, i.e., allegedly 2 to 3 ounces per plant.
 
 
 5
 The Guidelines approach does not offend due process as long as it "bears some reasonable relation to a 'proper legislative purpose,' and is 'neither arbitrary nor discriminatory.' " United States v. Klein, 860 F.2d 1489, 1501 (9th Cir.1988) (quoting Nebbia v. New York, 291 U.S. 502 (1934)); see also United States v. Streeter, 907 F.2d 781, 790 (8th Cir.1990) ("a Guideline that is arbitrary and capricious cannot be given effect in court"). The question is not whether the Guidelines approach is the best one, but whether it is rational.[2]
 
 
 6
 Setting punishment on the basis of the number of plants involved is not arbitrary or irrational. Under the Guidelines, sentencing is based on the weight of the leaves in cases where dry marijuana leaves are involved. But sentencing a defendant purely on the weight of live plants would make little sense "because the actual amount of usable marijuana had the plant been allowed to fully grow is unknown," United States v. Corley, 909 F.2d 359, 361 (9th Cir.1990) (quoting U.S. v. Graham, 710 F.Supp. 1290, 1291 (N.D.Cal.1989). Moreover, the usable amount of marijuana may be, in some cases, much greater than the weight of the plant.
 
 
 7
 Setting a fixed punishment per plant eliminates the need for complicated hearings to determine the potential yield of a given plant. According to the DEA, the average yield per marijuana plant is 400 grams. But sophisticated growing techniques could produce up to 1 kilogram per plant. 54 Fed.Reg. 9121, 9136 (1989). The Guidelines sentencing scheme for growing marijuana therefore has some rational basis in evidence supplied by the DEA. No more is required to pass constitutional scrutiny. See United States v. Motz, 936 F.2d 1021, 1025 (9th Cir.1991) ("[t]here is no constitutional requirement that the penalty for an offense involving one marijuana plant be equal to the penalty for an offense involving the quantity of dried marijuana the plant would yield.").
 
 B. Eighth Amendment Challenge
 
 8
 Godinho argues that his 78 month sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. He contends that the sentence is "entirely disproportionate to the gravity of the offense." As support for his argument, he cites a number of other allegedly more serious offenses where a lower base offense level is set by the Guidelines.
 
 
 9
 In Harmelin v. Michigan, 111 S.Ct. 2680 (1991), the Supreme Court rejected the defendant's Eighth Amendment challenge to his sentence of life imprisonment without parole for possessing 672 grams of cocaine. Viewed against the backdrop of Harmelin, Godinho's argument fails. If life imprisonment for possessing 672 grams of cocaine does not violate the Eighth Amendment, neither would a 6 and 1/2 year sentence for cultivating 508 marijuana plants. Justice Kennedy's concurrence in Harmelin makes this clear by citing with approval the Court's 1982 decision upholding against an Eighth Amendment challenge a 40 year sentence for possession with intent to distribute 9 ounces of marijuana. See Hutto v. Davis, 454 U.S. 370 (1982).
 
 II. SENTENCING GUIDELINES CLAIMS
 A. Downward Departure
 
 10
 Godinho argues that the trial court's refusal to grant a downward departure constitutes clear error. He contends that for his sentence to be "sufficient, but not greater than necessary," see 18 U.S.C. § 3553(a), the district court must grant the downward departure here.
 
 
 11
 This argument also fails. First, the record indicates that the district court recognized its option to depart downward, but determined that the facts did not warrant such a decision.[3] Second, we have no jurisdiction to review the district court's discretionary decision not to depart below the defendant's guideline range. United States v. Williams, 898 F.2d 1400, 1403-04 (9th Cir.1990); United States v. Morales, 898 F.2d 99, 101-03 (9th Cir.1990).
 
 B. Criminal History Calculation
 
 12
 Godinho contends that the district court erred in calculating the criminal history category for sentencing. Specifically, Godinho objects to the trial court's decision to include three misdemeanor vehicle code violations: (1) driving on a suspended license in 1988 (3 years probation); (2) alcohol-related reckless driving with suspended license in 1988 (2 years probation, 5 days jail); and (3) drunk driving in 1989 (30 days jail, 3 years probation).
 
 
 13
 The district court did not err in calculating Godinho's criminal history category. Section 4A1.2(c) of the Sentencing Guidelines provides that, all misdemeanors are counted in determining a defendant's criminal history category unless specifically excluded by the Guidelines. In this case, the Guidelines provide explicitly that Godinho's convictions are to be counted. See § 4A1.2(c)(1) (driving on a suspended license is counted if the sentence was a term of probation of at least one year); § 4A1.2, comment. (n. 5) ("Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted."); see also United States v. Aichele, 912 F.2d 1170, 1171 (9th Cir.1990) (reckless driving conviction counted).
 
 III. AIDING AND ABETTING CONVICTION
 
 14
 Godinho argues that the five-year mandatory minimum for violations involving 100 or more marijuana plants as required by 21 U.S.C. § 841(b) does not apply to his conviction for aiding and abetting under 18 U.S.C. § 2. This argument is without merit. Our decision in United States v. Power, 881 F.2d 733, 739 (9th Cir.1989) rejects this interpretation of 21 U.S.C. § 841(b) and thereby forecloses Godinho's claim.
 
 CONCLUSION
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 2D1.1 reads in relevant part:
 In the case of an offense involving marijuana plants, if the offense involved (A) 50 or more marijuana plants, treat each plant as equivalent to 1 [kilogram] of marijuana; (B) fewer than 50 marijuana plants, treat each plant as equivalent to 100 [grams] of marijuana. Provided, however, that if the actual weight of the marijuana is greater, however, use the actual weight of the marijuana.
 U.S.S.G. § 2D1.1 at 2.47.
 
 
 [2]
 In this context, "an argument based on equal protection essentially duplicates an argument based on due process." Chapman v. United States, 111 S.Ct. 1919 (1991). As with his due process argument, to prove an equal protection violation Godinho must show that the Guidelines approach "is not rationally related to a legitimate government interest." United States v. Litteral, 910 F.2d 547, 552 (9th Cir.1990); United States v. Klein, 860 F.2d 1489, 1500 (9th Cir.1988) ("[s]ince a suspect classification is not implicated, we only need to identify a rational basis")
 
 
 [3]
 The district court rejected Godinho's request for a downward departure, and fully explained the reasons for its decision. The court did sentence Godinho at the bottom of the applicable guidelines range, however