[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16273
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00002-CR-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON T. WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 31, 2005)

Before ANDERSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Ramon T. Wright appeals his conviction and 168-month sentence, imposed after he pled guilty to distributing cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). On appeal, Wright argues that the district court erred by denying his

motion to withdraw his guilty plea. We review "a district court's denial of a motion to withdraw a plea for an abuse of discretion." United States v. Cesal, 391 F.3d 1172, 1179 (11th Cir. 2004). We "will only reverse a district court's denial of a motion to withdraw if it is arbitrary and unreasonable." Id. (internal quotations and citation omitted). After thorough review of the record and careful consideration of the parties' briefs, we find no reversible error and affirm.

The relevant facts are straightforward. Pursuant to a written plea agreement, Wright pled guilty to distribution of five grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 1), and, in return, the government agreed to dismiss the other three drug-distribution counts of the indictment. The plea agreement provided the following, inter alia:

> the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney. **The defendant advises the Court that the defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the defendant expected or, in the case of relevant conduct, is found to be more extensive than the defendant has admitted to, the defendant will still have no absolute right to withdraw his guilty plea**.

(bolded emphasis in original).

At the plea-colloquy hearing, Wright stated that he had discussed with his attorney the charges pending against him and that he was fully satisfied with his legal

representation. Moreover, defense counsel stated that he had reviewed all aspects of the case with Wright. The district court then explained the charge to Wright and informed him that, by pleading guilty, he faced a maximum prison term of not less than 5 years and not more than 40 years. In addition, the court advised Wright that he would be sentenced pursuant to the Sentencing Guidelines. Wright, acknowledging that his plea was knowing and voluntary, stated that he was not coerced into entering the plea agreement, and that he fully understood the consequences of entering a guilty plea.

As a factual basis for Wright's plea, the government presented the testimony of Drug Enforcement Administration (DEA) Agent Livingston who described the conduct and drug quantities underlying both Count 1 and the other three counts of the indictment. Specifically, Livingston stated that, with respect to Count 1, Wright distributed a little over 11 grams of cocaine. As for the other three cocaine-distribution counts, Agent Livingston testified that Count 2 involved 10.7 grams, Count 3 involved 15 grams, and Count 4 involved 21.2 grams.

The district court then explained to Wright that even though he pled guilty to only Count 1, the additional drug quantities from Counts 2 through 4 could be used to calculate his sentence. When the district court asked whether Wright disagreed with any of Agent Livingston's testimony, Wright responded in the negative, and

3

even affirmed that Agent Livingston had testified correctly. The district court then more specifically asked whether there was any dispute on the drug quantities to which Agent Livingston had testified, and Wright again responded no. Wright's criminal history also was discussed, and his counsel indicated that, to the best of his knowledge, Wright had only one prior conviction, for statutory rape. Wright then proceeded to sentencing.

The Presentence Investigation Report (PSI) initially assigned Wright a base offense level of 32, pursuant to U.S.S.G. § 2D1.1(c)(4), based on 58.3 grams of cocaine base. Under U.S.S.G. § 4A1.1(a), Wright received (1) three criminal history points as a result of a 1991 Georgia conviction for distribution of cocaine; (2) three criminal history points as a result of a 1991 Georgia conviction for statutory rape; and (3) three criminal history points as a result of a 1991 Georgia conviction for possession of cocaine, making terroristic threats, and obstruction of a law enforcement officer. As a result of these previous convictions, Wright was classified as a career offender, under U.S.S.G. § 4B1.1, and assigned an offense level of 34 and a criminal history category of VI. After a three-level downward adjustment for acceptance of responsibility, U.S.S.G. § 3E1.1, Wright's adjusted offense level was 31. With a criminal history category of VI, his Guidelines sentencing range was 188 to 235 months' imprisonment.

After receiving the PSI, but before sentencing, Wright filed a motion to withdraw his guilty plea. In that motion, Wright's attorney stated that, based upon the charge contained in Count 1 of the indictment, he had advised Wright of the applicable guidelines and his possible sentence. Counsel stated, however, that this advice had been improper because, at the time of the plea, he was unaware that the PSI would include a number of prior convictions that would justify a career-offender classification.

In the alternative, counsel argued that Wright was entitled to a downward departure because the PSI did not accurately reflect his criminal history because: (1) his prior sentences were related, and, pursuant to U.S.S.G. § 4A1.2(a)(2), prior sentences imposed in related cases are to be treated as one sentence; (2) he could not be deemed a career offender because "a common scheme was present with respect to every charge;" and (3) his criminal history category significantly over-represented the seriousness of the crimes that he had committed, especially in light of the fact that he was 18 or 19 years old at the time of their commission.

The government responded that the district court adhered to the requirements of Fed. R. Crim. P. 11 when it accepted Wright's plea, and that Wright did not meet his burden to offer a fair and just reason for the withdrawal of his guilty plea, as required under Rule 11(d), since the record established that: (1) the plea was

voluntarily entered; (2) there was a significant factual basis to support the plea of guilty; and (3) Wright had the benefit of close assistance from experienced counsel. The government also asserted that counsel's incorrect estimate of the sentence did not amount to a fair and just reason for the withdrawal of the guilty plea, especially in light of the fact that, during the plea proceedings, Wright correctly was advised of the statutory maximum penalty and was made aware that the sentencing estimates provided by his counsel potentially could differ from those determined by the court.

The district court denied Wright's motion to withdraw his guilty plea "for all of the reasons articulated in the government's response." However, the court noted Wright's alternative motion for a downward departure and advised that it would rule on that issue at sentencing.

During the sentencing hearing, Wright's counsel stated that the discovery he had received from the government showed only Wright's prior convictions for statutory rape and terroristic threats. The government verified that the Georgia criminal history that was taken off the computer database was not accurate and "[r]egrettably . . . did not reflect all of the defendant's prior convictions." The district court responded that "the one person who knows better than anyone else about . . . his conviction record is the defendant himself." Nevertheless, the district court stated that it had "developed a sentiment" that "there was a mistake of fact, at least in part,

about the background." The district court also noted that there had been no arrests between the time of Wright's most recent arrest in 2004, and when his parole terminated in 1996. Based on these findings, and without objection from the government, the district court reduced Wright's criminal history category by one level, down to V, because the "criminal history category of IV . . . overstates the actuality of his true criminal history." After this adjustment, the sentencing range was 168 to 210 months' imprisonment. The district court then imposed a 168-month term of imprisonment. This appeal followed.

Under Fed. R. Crim. P. 11, a defendant may withdraw a guilty plea before a sentence is imposed if the defendant shows a "fair and just reason" for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B) (2003). While this portion of the rule is to be construed liberally, there is no absolute right to have a guilty plea withdrawn. United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). To determine whether the defendant has given a fair and just reason for withdrawal, the district court examines the totality of the circumstances, including: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." United

States v. Freixas, 332 F.3d 1314, 1318 (11th Cir. 2003) (citations and internal quotations omitted).

First, Wright had the close assistance of counsel throughout the district court proceedings. At the Rule 11 hearing, Wright affirmed that he had discussed with counsel the charges and the case in general and was fully satisfied with his counsel's representation. Wright's counsel also advised the court that he had reviewed all aspects of the case with Wright. Second, Wright's plea was knowing and voluntary -- he indicated at the Rule 11 hearing that he was not coerced into entering the plea agreement and that he understood the consequences of entering a guilty plea. Also at the Rule 11 hearing, the district court specifically addressed the statutory maximum that Wright faced and pointed out that his sentence would be calculated under the Sentencing Guidelines. Notably, the plea agreement unambiguously provided that the sentencing estimates provided by Wright's counsel might differ from the sentence ultimately imposed by the court. Moreover, allowing Wright to withdraw his guilty plea just prior to the imposition of his sentence would prejudice the government. See Buckles, 843 F.2d at 474 (noting that the court could consider "the time, money, and effort the government would have to devote to reassembling witnesses and evidence that were allowed to scatter after" the guilty plea).

8

On this record, the district court did not abuse its discretion by denying Wright's motion to withdraw based on his attorney's incorrect sentencing-range estimate. Cf. United States v. Bradley, 905 F.2d 359, 360 (11th Cir. 1990) (holding that, "[t]o the extent Bradley claimed his guilty plea was based on his attorney's estimate of the sentence and offense level, the claim did not warrant withdrawal of the guilty plea where Bradley acknowledged to the court that he understood the possible maximum sentence for his crime to be greater than the sentence the court ultimately imposed"). Accordingly, we affirm Wright's conviction and sentence.[1]

**AFFIRMED**.

---

[1] We are unpersuaded by Wright's argument that the district court violated Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), when it determined drug quantity in calculating his sentence. Because he raises this claim for the first time on appeal, we review the issue only for plain error. See United States v. Olano, 507 U.S. 725, 731-32, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993); United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (applying plain error review to newly raised Blakely claim). We will correct plain error only where (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding. See United States v. Chisholm, 73 F.3d 304, 307 (11th Cir. 1996).

After he pled guilty to distributing 5 grams or more of cocaine base, Wright faced a 40-year statutory maximum term, under 21 U.S.C. § 841(b)(1)(B)(iii). The PSI set his offense level at 32, based on the attributable drug quantity. However, based on his status as a career offender, not the drug quantity to which he pled, U.S.S.G. § 4B1.1(b) provided for an offense level at 34. Thus, any judicial factfinding on drug quantity did not result in an unconstitutional increase to his offense level, within the meaning of Apprendi or its progeny. In short, we can find no plain error on this basis.

9