[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 05, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-14955
Non-Argument Calendar

_____

D. C. Docket No. 03-20674-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES HIMICK,
a.k.a. Jerry LNU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 5, 2005)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

James Himick appeals his conviction and sentence for distributing ecstasy in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  On appeal, he argues that the district court abused its discretion by denying his motion to withdraw his guilty plea.  He further argues that the district court erred by sentencing him as a "career offender" under § 4B1.1 of the U.S. Sentencing Guidelines, after two of his predicate state court convictions were vacated on constitutional grounds.

## I.     Denial of Motion to Withdraw Guilty Plea

Himick asserts that he provided to the court a "fair and just reason" for the withdrawal of his plea.  Fed. R. Crim. P. 11(d)(2)(B).  Himick's counsel confessed error in failing to investigate Himick's criminal history before advising him to enter into a plea agreement with the government.  As a result, Himick's counsel neglected to address the possibility of Himick qualifying for career offender status under the sentencing guidelines.  The government also admitted that it did not consider whether Himick would qualify for a sentencing guideline enhancement based on his criminal history.  Himick argued that the government assured him that it would not seek any sentencing enhancement.  Furthermore, Himick asserted that the government agreed that his punishment should not be overly harsh and that the government was prejudiced when the district court refused to allow Himick to withdraw his plea and enter a plea to the same lesser included offense to which his codefendants were allowed to plead.  Finally, Himick argued that the withdrawal

2

would have had no effect on judicial resources, as he was willing to re-enter a plea to a lesser included offense.

"We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion." *United States v. Najjar*, 283 F.3d 1306, 1307 (11th Cir. 2002). "We will reverse a district court's decision on a motion to withdraw only if it is arbitrary or unreasonable." *Id.* "The good faith, credibility and weight" of the defendant's representations in support of the motion to withdraw are issues for the district court to decide. *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988).

Pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a guilty plea, after the district court has accepted the plea but before sentencing, if "the defendant can show a fair and just reason for requesting the withdrawal." Accordingly, "[t]here is no absolute right to withdraw a guilty plea." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

In determining if the defendant has shown a "fair and just reason" for withdrawal, a district court "may consider the totality of the circumstances surrounding the plea," including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the

government would be prejudiced if the defendant were allowed to withdraw his plea." *Buckles*, 843 F.2d at 472 (internal citations omitted). "There is a strong presumption that statements made during the colloquy are true." *Medlock*, 12 F.3d at 187. A defendant, therefore, "bears a heavy burden to show that his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). Furthermore, a defendant's reliance on an attorney's mistaken impression about the length of his sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence:

> To the extent that [a defendant] claimed his guilty plea was based on his attorney's estimate of the sentence and offense level, the claim did not warrant withdrawal of the guilty plea where [the defendant] acknowledged to the court that he understood the possible maximum sentence for his crime to be greater than the sentence the court ultimately imposed.

*United States v. Bradley*, 905 F.2d 359, 360 (11th Cir. 1990).

In the instant case, the district court did not abuse its discretion by denying Himick's motion to withdraw his plea. The district court made factual findings on each of the *Buckles* factors before concluding that Himick had failed to show a fair and just reason for the withdrawal. Regarding whether close assistance of counsel was available to Himick, the district court considered but rejected Himick's argument that he should be allowed to withdraw his plea because his attorney never advised him of the possibility of being sentenced as a career offender. Citing

4

*Bradley*, the district court correctly explained that, to the extent that a defendant claims his guilty plea was based on an attorney's inaccurate estimate of the sentence and offense level, this claim does not warrant withdrawal of the guilty plea when the defendant acknowledges to the court that he or she understands the maximum possible sentence for the crime. *See Bradley*, 905 F.2d at 360. The district court also correctly noted that we have not recognized an exception to this general rule for defendants who might qualify for career offender status. The record of Himick's plea colloquy shows that Himick acknowledged to the Court that he understood the maximum possible sentence for his crime and that he understood that his ultimate sentence could be greater than estimates given to him by his attorney or anticipated by the parties, and ultimately greater than the actual sentence imposed upon him. Thus, the district court found that Himick's counsel's failure to advise him that he may be classified as a career offender did not amount to ineffective assistance of counsel.

The district court next determined that Himick knowingly and voluntarily pled guilty. The court noted the transcript of Himick's plea hearing, which evidences that the court ensured that Himick was aware of the nature of the charges, the consequences of the plea, and that the plea of guilty was a knowing and voluntary plea supported by an independent basis in fact stating each of the

essential elements of the offense. The district court implicitly rejected Himick's argument that he could not knowingly and voluntarily enter a guilty plea without knowledge of the possibility of being sentenced as a career offender, explaining that Himick's fifteen prior arrests belie any claim that appearing before a judicial officer was some kind of novel or apprehensive experience such that Himick did not know what he was doing. The district court determined that Himick's multiple appearances attest to the conclusion that he knew precisely what he was doing when he pled guilty.

We disagree, however, with the district court's conclusion that judicial resources would be conserved by denying Himick's motion to withdraw his plea. Himick had agreed with the government that immediately upon the withdrawal of his plea, he would enter a plea of guilty to the lesser included misdemeanor of possession of ecstasy, thus obviating the need for a full trial. However, the court noted that allowing Himick, who is a repeat offender, to withdraw his plea and plead to a lesser offense would result in a lighter sentence. Given his record, the court assumed that Himick would likely find himself back in court facing another charge following his release and therefore concluded that judicial resources would not be conserved by withdrawing his plea. We cannot agree with the district court's conclusion on this factor. Judicial resources would have been conserved by

6

the withdrawal of Himick's guilty plea because of the agreement between Himick and the government that Himick would plead guilty to the lesser included offense of possession, thereby obviating any need for a trial, though the conservation would have been minimal. Although we disagree with the district court's conclusion with regard to the conservation of judicial resources, the totality of the circumstances surrounding the plea nevertheless warrant a denial of Himick's motion.

As to the final factor, the district court determined that the government would not be prejudiced either way. At the time of its ruling, the government was not opposed to Himick's motion to withdraw his plea, and the parties had agreed that Himick would plead to the lesser included offense of possession.

Upon our review of the record, we can find no abuse of the district court's discretion in its *Buckles* analysis and its conclusion that Himick was not entitled to withdraw his plea.

## II. Sentencing of Himick as Career Offender

Himick next argues on appeal that the district court erred when it sentenced him as a career offender pursuant to U.S.S.G. § 4B1.1. The government concedes sentencing error here. To sentence Himick as a career offender, the district court had to rely on at least one of Himick's two state court convictions. Himick asserts

that both of these convictions were vacated by the state court before Himick's federal sentencing in this case, and therefore could not be counted as predicate offenses for career offender status. He further asserts that the state court record was clear that the state order vacating his convictions was based on the constitutional infirmity of the denial of effective assistance of counsel. Himick asserts that the district court failed to consider all the application notes to U.S.S.G. § 4A1.2, one of which excepts constitutionally invalid prior convictions. Himick also argues that he is entitled to resentencing in light of *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005) and the district court's use of the guidelines in a mandatory fashion.

"We review de novo the district court's interpretation and application of sentencing guideline provisions." *United States v. Lebovitz*, 401 F.3d 1263, 1267 (11th Cir. 2005).

A defendant qualifies as a career offender if, among other things, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). Additionally, to constitute a prior felony conviction under U.S.S.G. § 4B1.1, "the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)," U.S.S.G. § 4B1.2(c)(2), and "[t]he provisions of § 4A1.2

8

(Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1." *Id.*, cmt. n.3. Moreover, "[s]entences resulting from convictions that . . . have been ruled constitutionally invalid in a prior case are not to be counted." U.S.S.G. § 4A1.2, cmt. n.6. Thus, for Himick to have qualified as a career offender under U.S.S.G. § 4B1.1, he must have had at least two prior countable felony convictions for either a crime of violence or a controlled substance offense.

In *United States v. Guthrie*, the Ninth Circuit considered Application Note 6 to U.S.S.G. § 4A1.2, holding

> [w]hen a state court vacates a defendant's prior state conviction, the sentence resulting from that conviction may not influence the defendant's criminal history score under the Guidelines. The state court has plenary authority to vacate state convictions. Once the court vacates a conviction, that conviction expires in the eyes of the State. It would therefore be odd, and we believe contrary to the Guidelines, for a federal court to treat as valid a state conviction that no longer exists, even though the conviction is being considered for the limited purposes of federal sentencing. As in the present case, *the district court may believe the state court's decision overturning the prior conviction is incorrect, but that is beside the point, for the Guidelines are concerned only with the state court's final determination, not with the soundness of its reasoning.*

*United States v. Guthrie*, 931 F.2d 564, 572 (9th Cir. 1991) (footnote omitted) (emphasis added).

The district court erred by sentencing Himick as a career offender. Evidence

9

in the record shows that Himick filed two state post-conviction motions to vacate based on ineffective assistance of counsel. The Florida state attorney investigated Himick's claims, interviewed the lawyers who previously represented Himick in the cases, and informed the state court judge that the state determined that Himick's constitutional claims had merit and warranted relief. Based on the record before it, the state court judge accepted the state's concession, granted Himick's motions, and vacated the pertinent state convictions. Under these circumstances, the convictions could not be counted as predicate convictions for a career offender enhancement, as they were vacated on constitutional grounds.

The district court did not believe Himick's state convictions were vacated on constitutional grounds. Yet, it is clear from a review of the record that the state court based its decision to vacate on 6th Amendment ineffective assistance of counsel grounds. Thus, the court erred when it counted the vacated convictions to determine that Himick qualified as a career offender: the "Guidelines are concerned only with the state court's final determination, not with the soundness of its reasoning." *Guthrie*, 931 F.2d at 572.

Furthermore, the district court's reliance on Application Note 10, U.S.S.G. § 4A1.2, as interpreted in *Castillo v. United States*, was misplaced. Application Note 10 provides that convictions set aside "for reasons unrelated to innocence or errors

of law" are to be counted for purposes of determining career offender status. U.S.S.G. § 4A1.2, cmt. n.10. The district court determined that Himick's state court convictions were vacated due to an agreement with the prosecutor – not Himick's innocence or an error of law – and therefore, Application Note 10 supported its decision to sentence Himick as a career offender.

We interpreted Application Note 10 in *Castillo v. United States*, a case in which the defendant challenged criminal history points attributed to him under § 4A1.2 based on a state conviction that was reversed and subsequently *nolle prossed*. *Castillo v. United States*, 200 F.3d 735, 737 (11th Cir. 2000). We held that "because [the defendant's] previous conviction was reversed in a ruling adverse to him and [the defendant] admitted that he was guilty of the conduct underlying the prior charges, [the defendant's] criminal history points should not be recalculated." *Id.* at 738. We distinguished *Guthrie*, noting "[the defendant in *Guthrie*] challenged his sentence on constitutional grounds and his sentence was vacated in a decision favorable to him." *Id.* at 737 n.4. We recognized, however, as did the *Guthrie* court, that uncountable convictions could still be used as the basis for an upward departure pursuant to § 4A1.3. *Id.*

Our precedent in *Castillo* does not require that Himick be sentenced as a career offender. The district court's conclusion that the state court orders vacating

11

Himick's convictions were rulings that were adverse to Himick is a conclusion that is not supported by the record. In fact, the state court rulings that vacated Himick's convictions granted Himick the exact relief he requested in his post-conviction relief motions. This case is distinguishable from *Castillo* for that reason: the state court vacated Himick's convictions in those cases with decisions favorable to Himick. Thus, the district court erred when it refused to accept the fact that Himick's convictions were vacated on constitutional grounds.

"[A]s was the case before *Booker*, the district court must calculate the Guidelines range accurately. A misinterpretation of the Guidelines by a district court effectively means that the district court has not properly consulted the Guidelines." *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005) (internal quotation and citation omitted). "After it has made this calculation, the district court may impose a more severe or more lenient sentence as long as the sentence is reasonable, but the requirement of consultation itself is inescapable." *Id.* (citation omitted).

Accordingly, we vacate and remand with instructions that the district court calculate an advisory guideline range that does not apply a career offender enhancement. Because Himick's sentence must be vacated and remanded due to the district court's erroneous application of a career offender enhancement, we do

12

not address his *Booker* challenge.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**